# CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY

## *v.*

## WILLIAM OTTO.

1. INSTRUCTIONS—*should be based upon the evidence.* An instruction, in an action of trespass on the case for injuries to the person, which directs the jury that in fixing the damages the plaintiff ought to recover, if they believe from the evidence he is entitled to recover, they should consider all the circumstances surrounding the case, and then specifically points out the circumstances, is not obnoxious to the objection, that instructions should be based upon the evidence.

2. Where an instruction was asked by the defendant, directing the jury that they are to judge of the credibility of the plaintiff as a witness, whether, taking his interest into consideration, he is entitled to belief as against other disinterested testimony which contradicts him: *Held,* there being no disinterested testimony contradicting him, it was properly modified by striking out the words "as against other disinterested testimony which contradicts him."

3. NEW TRIALS—*excessive damages.* In a case sounding in damages, unless the verdict is manifestly so high as to produce the conviction that the jury were actuated by improper motives, it will not be disturbed on the ground of being excessive.

APPEAL from the Circuit Court of Rock Island county; the Hon. GEO. W. PLEASANTS, Judge, presiding.

The opinion states the case.

Mr. George C. Campbell, for the appellant.

Messrs. Hawley & Gest, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This was an action of trespass on the case, to recover damages for an injury sustained by appellee while he was a passenger on appellants' train of cars. The declaration contained two counts, alleging that appellee was a passenger from Rock Island to Moline; that he had paid his fare; that the conductor refused to stop the train at Moline, and forcibly ejected him from the cars, whereby he was thrown on the ground, and his shoulder was dislocated, whereby he sustained damage.

On the trial in the court below, the jury found for plaintiff, and defendant entered a motion for a new trial, which was overruled, and judgment rendered on the verdict, from which the defendants prayed on appeal, and bring the record to this court, and ask a reversal on the grounds, that an improper instruction was given for appellee, and a .proper instruction asked by appellants was modified before it was given, and in overruling the motion for a new trial.

On behalf of appellee, the court gave this instruction :

" If the jury believe from the evidence that the plaintiff is entitled to recover, and that he has substantially proved his declaration, then, in fixing the damages he ought to recover, they ought to take into consideration all the circumstances surrounding the case, such as the circumstances attending the injury; the loss of time of the plaintiff, if any, occasioned by the injury ; the pain he has suffered, if any ; the money he has expended, if any, to be cured of such injury, and the business he was engaged in, if any, at the time he was injured, and the extent and duration of the injury, and give him such damages as, in their opinion, he ought to recover."

27—52nd Ill.

It is urged that this instruction is erroneous. It lays down the true measure of damages, and confines the jury to the evidence in the case.

The jury were told that they were to consider all the circumstances surrounding the case, and then the circumstances were specifically pointed out; nor does the instruction refer to or authorize the jury to consider any other than the circumstances appearing in evidence. We perceive no objection to this instruction, and it was properly given.

Appellants asked, with others, this instruction :

" 3.   Under the laws of this State, the plaintiff is a competent witness, but his credibility is left to the jury, that is, they are to determine whether, taking his interest into consideration, he is entitled to belief, as against other disinterested testimony which contradicts him."

But, before giving it, the court modified it by striking out the words "as against other disinterested testimony which contradicts him." The instruction was properly qualified, as the only evidence which tended to contradict his evidence was that of the conductor who ran out trains on the morning appellee was injured ; and he would be liable over to the company for negligence which occasioned the injury to appellee. Hence, if either of them occasioned the injury, he was as directly interested as appellee; and the others who did not occasion it, not being present, their evidence did not conflict with it.   Their mere statement that they did not eject appellee from the car, in no wise contradicted or conflicted with his statements.   Only one of the conductors did contradict his evidence. This instruction was properly modified before it was given.

The evidence was conflicting, and it was for the jury to reconcile it, and to give weight to such portions as they thought worthy of belief.   They saw the witnesses while testifying, and were enabled to determine to what portion they should give

credit, and what they should reject. We are unable to say the evidence fails to sustain the verdict.

While the damages seem to us too large, yet we are not prepared to hold that they are so high as to require a reversal for that reason. They do not strike us as being the result of passion, prejudice, or a misapprehension of the evidence, or a disregard of their duty as jurors. Unless the verdict is clearly and manifestly so high as to produce the conviction that the jury were actuated by improper motives, it will not be disturbed, in a case sounding in damages.

We perceive no error in this record for which the judgment should be reversed, and it is therefore affirmed.

*Judgment affirmed.*