JAMES K. FISHER *et al.*

*v.*

EGBERT L. JANSEN.

*Filed at Ottawa May 16, 1889.*

1. MEASURE OF DAMAGES — *in action for personal injury—resulting from negligence.* In an action to recover for a personal injury caused by negligence, it is not competent for the plaintiff to prove what he had made in business prior to his injuries. What any business man, however competent and skilled, might make in the future in any kind of trade, is too much a matter of speculation and contingency to be susceptible of direct evidence.

2. A party personally injured from negligence, may recover of the defendant damages for his inability to labor or transact business in the future, resulting from his injuries, without any evidence of his success in business prior to his injury, or the extent of his earnings. Direct proof of any specific pecuniary loss is not indispensable to a recovery.

3. In an action by a plaintiff aged about fifty-three years, and temporarily not engaged in business, to recover for personal injuries inflicted through negligence, the court instructed for the plaintiff, in substance, that if the jury found, from the evidence, that the plaintiff was entitled to recover any damages, the jury had a right to and should take into consideration all the facts and circumstances in evidence before them, and that they might consider the nature and extent of the plaintiff's injuries, if any, testified about by the witnesses; his pain and suffering, if any, resulting from such injuries; the permanent disability, if any, caused by said injuries; the money necessarily paid, if any, by the plaintiff in and about endeavoring to be healed or cured of said injuries; and any future pain or suffering, or future inability to labor or transact business, if any, that the jury may believe, from the evidence, the plaintiff would sustain by reason of injuries received. There was no direct proof of the earning ability of the plaintiff : *Held,* that there was no error in the instruction.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. FLOWER, REMY & HOLSTEIN, for the appellants :

The second of plaintiff's instructions was erroneous. Instructions only that are based on the evidence should be given.

If not so based it is error, though they may contain certain abstract propositions. *Railroad Co.* v. *Lewis*, 109 Ill. 120; *Coughlin* v. *People*, 18 id. 266; *Bank* v. *Eldred*, 9 Wall. 544; *Ewing* v. *Runkle*, 20 Ill. 448; *Fidler* v. *McKinley*, 21 id. 308; *Wenger* v. *Calder*, 78 id. 275; *Waldron* v. *Marcier*, 82 id. 551; *Sewing Machine Co.* v. *Layman*, 88 id. 39; *Frantz* v. *Rose*, 89 id. 591; *Martin* v. *Johnson*, id. 537; 2 Thompson on Trials, sec. 2315, p. 1671.

There is manifest error in the second instruction given by the court at the request of the appellee,—that is to say, in that part of it that instructs the jury, that in assessing damages "they may consider * * * future inability to labor or transact business," because there was no evidence of any loss on account of future inability to labor or transact business, or of the value of appellee's time. *Jaques* v. *Railroad Co.* 41 Conn. 61; *Railroad Co.* v. *Hazzard*, 26 id. 373; *Joliet* v. *Conway*, 119 id. 489; *Skinner* v. *Church*, 36 Iowa, 91; *Tilley* v. *Railroad Co.* 24 N. Y. 471; 29 id. 252; *McIntire* v. *Railroad Co.* 37 id. 258; *Leeds* v. *Gas Light Co.* 90 id. 26; *Walker* v. *Railroad Co.* 61 Barb. 260; *Grant* v. *Brooklyn*, 41 id. 381; *Ehrgott* v. *Mayor*, 96 N. Y. 275.

Mr. E. A. Otis, for the appellee:

No case can be cited which goes to the extent of permitting evidence of past profits in business, to show the probable value of personal services. *Masterton* v. *Mt. Vernon*, 58 N. Y. 395; *Lincoln* v. *Railroad Co.* 23 Wend. 425; *Walker* v. *Railroad Co.* 63 Barb. 260; *Nebraska City* v. *Campbell*, 12 Black. 590; *Ballou* v. *Farnam*, 11 Allen, 73.

That plaintiff was entitled to recover damages for his future disability to transact his business, see *Scott* v. *Montgomery*, 95 Pa. St. 444; *Ballou* v. *Farnam*, 11 Allen, 73; *Railroad Co.* v. *Warner*, 108 Ill. 538; *Chicago* v. *Major*, 18 id. 349; *Bridge Association* v. *Loomis*, 20 id. 236; *Railroad Co.* v. *Otto*, 52 id.

416; *City* v. *Martin*, 49 id. 246; *Joliet* v. *Conway*, 119 id. 489; 3 Sutherland on Damages, 261.

The rule of the Illinois courts is most fully sustained by the weight of authority everywhere. Shearman & Redfield on Negligence, (4th ed.) sec. 758, and notes; *Scott* v. *Montgomery*, 95 Pa. St. 444; *Canal* v. *Graham*, 63 id. 290; 2 Thompson on Negligence, pp. 1256, 1257, and cases cited.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Appellee received severe and permanent injuries through the negligence of the servant of the appellants in charge of an elevator used by them for the convenience of the Beaurivage flats, of which they were in possession.

The question of appellants' liability is settled by the judgments below, and the only question presented for our determination, upon this appeal, is, whether the second instruction given at the instance of appellee is correct. That instruction is as follows:

"In determining the amount of damages which the plaintiff is entitled to recover in this case, (if the jury find, from the evidence, under the instructions of the court, he is entitled to recover any damages,) the jury have a right to, and should, take into consideration all the facts and circumstances in evidence before them; and they may consider the nature and extent of the plaintiff's injuries, if any, testified about by the witnesses in this case; his pain and suffering, if any, resulting from such injuries; the permanent disability, if any, caused by said injuries; the money necessarily paid, if any, by the plaintiff, in and about endeavoring to be healed or cured of said injuries; and any future pain or suffering, or future inability to labor or transact business, if any, that the jury may believe, from the evidence, the plaintiff will sustain by reason of injuries received."

The contention of counsel who argue on behalf of appellants is, that there is no evidence in the record of the "earning abil-

ity" of appellee, and that it was therefore error to say to the jury that they could take into consideration his permanent disability, and consequent future inability to labor or transact business.

The evidence tends to prove that at the time appellee was injured he was a little over fifty-three years old; that he had gone into the book business, in Chicago, when a boy, and continued therein until in January, 1886,—clerking from 1848 until 1856, a partner in the firm of S. C. Griggs & Co. from 1856 until 1872, and a partner in the firm of Jansen, McClurg & Co. from 1872 until January, 1886. At the last named date he had broken down in health from overwork, but he immediately thereafter spent several months in travel and recreation in Kansas and California, and at the time of receiving the injury was comparatively restored to his former health. The evidence shows the character of the injuries, and that appellee had paid about $1000 for nursing, physicians' bills, etc., in consequence of those injuries.

It is manifest that it would have been incompetent to have proved what he had made in business prior to his injuries, since that was the result of circumstances that might never be repeated. He had no employment at fixed wages for the future, and he is not shown to have possessed peculiar skill or knowledge, having a definite pecuniary value, which was destroyed or affected by his injuries. What he or any other business man, however competent and skilled, might make in the future, in any line of trade, is too much a matter of speculation and contingency to be susceptible of direct evidence. It follows, therefore, that appellee gave all the evidence of the damages he has sustained on account of his permanent disaability and consequent future inability to labor or transact business of which that question is susceptible. The inquiry, then, must be, whether, under such circumstances, a person is entitled to recover any damages because of inability to labor or transact business in the future, resulting from his injuries.

We think, very clearly, that he is entitled to recover,—that it can upon no principle make any difference whether a person is, at the time he is injured, engaged in a business paying a definite amount, or is then not engaged in business, but is by the act of injury, prevented from engaging in business in the future, in which he might reasonably expect, but not be entirely certain, that he would have success.

In *City of Chicago* v. *Major*, 18 Ill. 349, action was brought against the city for negligence, resulting in the death of a child four years old. There was no proof that he had ever earned anything, and, necessarily, it was purely conjectural whether he ever would have earned anything, had he lived and been uninjured by the city's negligence. The court, among other things, instructed the jury, that in determining the extent of pecuniary loss it was not necessary that any witness should have expressed an opinion as to the amount, but that the jury might themselves make such an estimate from the facts proved, taking into consideration the age of the deceased, and such other evidence as might afford them the means of making the estimate. This was held to be proper, the court observing: "In this, as in all other cases, it was proper for the jury to exercise their own judgment upon the facts in proof, by connecting them with their own knowledge and experience, which they are supposed to possess in common with the generality of mankind." See, also, to like effect, *Chicago* v. *Scholten*, 75 Ill. 471.

*Illinois Central Railroad Co.* v. *Read,* 37 Ill. 484, was an action for injuries received by the plaintiff by reason of the negligence of the defendant. The particular injury was to the right hand of the plaintiff, by scalding. There does not appear to have been any evidence as to wages the plaintiff had earned or could thereafter earn. One of the instructions given in behalf of the plaintiff, and excepted to by the defendant, was this: "In estimating the plaintiff's damages, it is proper for the jury to estimate the effect of the injury in future upon the

plaintiff's health, if any, the use of his hand, and his ability to attend to his affairs, generally, in pursuing his course of life, and the bodily pain and suffering, the necessary expenses of medical care and loss of time, and all damages, present and prospective, which can be treated as a necessary result to the injury inflicted by the collision upon the plaintiff in this action." The main argument was upon a different question, and upon that the case was reversed; but this instruction was objected to, and the court held it was free of error, saying: "As to the instructions for appellee, we perceive no inconsistency or error in them."

It was said, *arguendo*, in *Peoria Bridge Association* v. *Loomis*, 20 Ill. 252: "The rule of damages for personal injury inflicted by negligence is, loss of time during the cure, and expense incurred in respect of it, the pain and suffering undergone by plaintiff, and any permanent injury, especially when it causes a disability from future exertion, and consequent pecuniary loss." And this was, in the same way, repeated in *City of Chicago* v. *Martin et ux.* 49 Ill. 246; and the identical language was embodied in an instruction, which was approved, in *Chicago, Rock Island and Pacific Railroad Co.* v. *Otto*, 52 Ill. 416. It is true that nothing is said in *Peoria Bridge Association* v. *Loomis,* nor in *City of Chicago* v. *Martin,* in respect to the specific proof required; and in *Chicago, Rock Island and Pacific Railroad Co.* v. *Otto,* it does not appear, from the report of the case, what was the evidence before the jury. But in *Chicago, Burlington and Quincy Railroad Co.* v. *Warner,* 108 Ill. 538, which was an action for injuries sustained through the negligence of the defendant, the same instruction, in substance, was given, and it was objected by counsel for appellant that "there was no evidence that the loss of Warner's arm did or would impair his ability to pursue his business, much less of the extent to which said ability would be lessened," and we held, conceding the facts, that the objection was untenable, saying, among other things: "At the time of receiving the

injury his business was that of railroading. He had made his way up from a brakeman to a conductor of a freight train. By reason of the accident he lost his position as an employe of the company, and it is manifest, from the loss of the arm itself, that he could not successfully, if at all, follow that business any longer; and the fact he was forced to abandon it was before the jury. That both arms are useful in all, and indispensable in most, of the avocations in life, is but a part of the common information of mankind in general, and hence it required no other proof to establish it. With these facts before the jury, it is difficult to understand by what process of reasoning the conclusion is reached, there was no evidence upon which to found the instruction, so far as it related to the impairment of appellee's ability to pursue his ordinary business by reason of the loss of his arm." There was not there, as there is not here, any evidence of what the plaintiff was earning, or what he could have earned but for the loss of his arm; nor was there any evidence of what he could or could not do after he was injured; and there is here the same evidence that the plaintiff was prevented from resuming his old or any new business, that there was there that the plaintiff was compelled to abandon the business he was in. Here, even more than there, it is clear, from the evidence, that the plaintiff could not successfully resume or prosecute any business requiring any degree of physical exertion. That case is conclusive that direct proof of any specific pecuniary loss is not indispensable to a recovery, and, as has been seen, it but follows *City of Chicago* v. *Major, Illinois Central Railroad Co.* v. *Reed, supra,* and the other decisions based on like principle.

We think the Appellate Court properly affirmed the judgment of the Superior Court, and its judgment is therefore affirmed.

*Judgment affirmed.*