## City of Chicago v. Josephine Gilfoil.

1. DAMAGES—*For Pain, in Actions Predicated upon Negligence.*—
Damages for pain are given in actions predicated upon negligence, only
for the bodily and physical pain of which the mind is conscious.

2. SAME—*In Actions for Personal Injuries.*—In actions for personal
injuries a jury can properly award only such damages as under the evi-
dence and from the instructions of the court they believe the plaintiff
has sustained and is entitled to recover.

3. REMITITTUR—*Where the Verdict is Excessive.*—Where the Appel-
late Court is of the opinion that the verdict is excessive under the evi-
dence of a case. it may order it affirmed on condition that a certain
amount is remitted by a given day, otherwise that it be reversed and
remanded.

Trespass on the Case, for personal injuries. Appeal from the Circuit
Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presid-
ing. Heard in the Branch Appellate Court at the October term, 1900.
Affirmed on a remittitur, otherwise reversed and remanded. Opinion
filed December 24, 1901.*

This was an action to recover damages alleged to have
been sustained by appellee in consequence of stepping
through a hole in a sidewalk in Chicago.

As a result of the injury thus sustained it appeared that
appellee's ankle has become stiff, so that she walks with a
cane. There was evidence tending to show that such stiff-
ness will be permanent.

Appellee recovered a verdict and judgment for $5,500.

ANDREW J. RYAN, city attorney, and JAMES G. CONDON,
assistant city attorney, attorneys for appellant; JAMES J.
KELLY, of counsel.

FRANCIS T. MURPHY and THADDEUS S. ALLEE, attorneys
for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

Upon the trial below. there was given at the instance of
appellee the following instruction:

---

*Remittitur filed and cause affirmed December 30, 1901.

City of Chicago v. Gilfoil.

"If you find the defendant guilty you will be required to determine the amount of her damages.    In determining the amount of the damages the plaintiff is entitled to recover in this case, if any, the jury have a right to and they should take into consideration all the facts and circumstances in evidence before them, the nature and extent of plaintiff's injury, if any, testified to in this case, her suffering in mind and body, if any, resulting from such injury, her loss of wages resulting from such injury, if any, and also such prospective suffering and loss of health, if any, as the jury may believe from the evidence before them in this case, she has sustained or will sustain by reason of such injury, and may find for her such sum as in the judgment of the jury under the evidence and instructions heretofore given, the jury believes she is entitled to recover."

Strictly speaking, all pain is mental.    The body may be severely injured, lacerated, broken and bruised, and yet the mind not be conscious thereof.    It not infrequently happens that an injury to the body produces a comatose condition.    While this unconsciousness lasts there is no pain.

There is what is commonly understood and spoken of as bodily pain or suffering; by this we mean pain proceeding from hurt or disorder of the body of which the mind is conscious and is therefore felt.

We also recognize, speak of and feel pain that does not have its origin in, neither is connected with our body—as pain at the loss or sorrow of a friend; humiliation because of our own conduct or infirmity; this, strictly speaking, is sentimental pain and is commonly spoken of as anguish of mind.    Damages for pain are given in actions predicated upon negligence only for the bodily or physical pain of which the mind is conscious.

In the present case the jury having determined that the plaintiff was entitled to recover damages, in ascertaining their amount, should have considered only the evidence bearing upon the question of the amount of damage the plaintiff had sustained; and not, as they were instructed, have then taken "into consideration all the facts and circumstances in evidence before them."

She might have been hurt under circumstances of peculiar

annoyance and humiliation without these having added in the least to the injury she sustained.

Nor were the jury to give her such sum as in its judgment "under the evidence and instructions heretofore given" it believed she was "entitled to recover."

The jury could properly award only such damages as under the evidence and from the instructions of the court they believed she had sustained and was entitled to recover.

The instruction was misleading and should not have been given. The plaintiff has been injured and should be compensated. The instruction tended to increase the amount the jury would award.

We are of the opinion that $3,500 is, under the evidence, all that should have been given, and if the plaintiff shall within ten days remit $2,000 from the judgment it will be affirmed, otherwise it will be reversed and the cause remanded.