## Chicago City Railway Company v. William Rohe.

### Gen. No. 11,786.

1. EVIDENCE—*when competent as pertaining to facts as distinguished from opinions.* Questions which inquire of witnesses concerning the distance they could, at the time of the accident, see objects of the size and color of a wagon, call for evidence of facts and not of opinions.

2. EVIDENCE—*speed of car competent by way of.* It is competent to inquire of witnesses and to permit them to testify as to the speed of a car at the time of an accident.

3. CROSS-EXAMINATION—*when restriction of, not improper.* It is not improper for the court to refuse to permit a question as to whether the plaintiff was present at a trial of an action brought by one injured at the same time with him and did not testify in such action.

4. INTENTION—*when proof of, incompetent.* It is not competent in an action on the case for personal injuries to show that the motorman did not intend to injure the plaintiff, where no deliberate intention to injure is charged or in issue.

5. VEHICLES—*approved instruction as to rights of, upon car tracks.* An instruction as follows :

" The jury are instructed, as a matter of law, that the plaintiff and his driver had a perfect right, while in the exercise of ordinary care for their own safety, to use and travel upon the street where the accident happened, including that portion of it in which the car tracks are laid, being obliged only to get off the tracks and allow cars to pass when

they approached for that purpose, and for such use of the street car tracks by the plaintiff and his driver they were in no sense trespassers upon the tracks of the defendant,"—
approved.

6. INSTRUCTION—"*perfect right*" *as used in, held not improper.* The phrase "perfect right," as used in an instruction, held not misleading or erroneous.

7. INSTRUCTION—*when giving of, pertaining to credibility of witness, erroneous.* It is error to give to the jury an instruction intimating that the employment of the witness by the defendant may have prejudiced their testimony, where there was nothing in the case upon which to predicate such an instruction.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the March term, 1904. Reversed and remanded. Opinion filed February 20, 1905.

**Statement by the Court.** This appeal is from a judgment in favor of appellee against appellant in the Superior Court of Cook County for $1,500. The judgment was rendered upon the verdict of a jury in an action on the case for injuries alleged by the appellee to have been sustained by him as the result of being thrown from a wagon in which he was riding in Thirty-fifth street, in the city of Chicago, on May 27, 1899. The wagon was struck and overturned by one of the appellant's electric street railway cars.

The errors assigned on the record here, and urged in argument, are that the court erred in the admission of improper and the exclusion of proper evidence; in giving to the jury improper instructions; that the verdict is against the weight of the evidence, and that the verdict is excessive.

WILLIAM J. HYNES, SAMUEL S. PAGE and WATSON J. FERRY, for appellant; MASON B. STARRING, of counsel.

W. T. UNDERWOOD and E. C. WESTWOOD, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

In the view we take of this case it is unnecessary for us to consider the question whether the verdict was against the clear and manifest weight of the evidence, or whether it was excessive.

We must remand the cause for a new trial because the court gave an erroneous and injurious instruction to the jury.

As it will probably be retried, however, we shall notice the alleged errors in the admission of improper evidence and the exclusion of proper evidence, so far only as to say that in neither of these particulars do we see in the record any reversible error.

The questions to appellee's witnesses concerning the distance they could, at the time of the accident, see objects of the size and color of the wagon appellee was in, do not seem to us objectionable. The questions called for answers as to facts, not opinions. Nor was the admission of the testimony of Lunaberg and of Haecker as to the speed of the car erroneous.

As to the exclusion on objection of the answer of appellee when a witness, to the question, on cross-examination: "You were in attendance around the court, weren't you, every day of that (Doman) trial?"—it was a matter entirely within the discretion of the court. Latitude is allowed in cross-examination, and had the answer been admitted, there would have been nothing erroneous in such action; but it was certainly immaterial and irrelevant to any question at issue. It was introductory to an attempt, so appellant's counsel said, to show that the appellee had been, at the trial of the suit brought by his co-sufferer in the accident against the appellant, present, but had not been called upon to testify. Whether he were or were not called upon to testify in that suit was a matter wholly without any bearing on the case at bar. The failure, if there be one, to bring eyewitnesses of an accident forward by a plaintiff may undoubtedly be properly shown and commented on in the case where it occurs, but such a failure in another suit by another party cannot be used to the prejudice of the witness not called in a suit brought by him for his own cause of action.

Nor do we think that there is cause for complaint in the exclusion of Prof. Cox's testimony by the court, under the

circumstances of his recall and his previous testimony, nor in the exclusion of the questions relating to the intention of the motorman as to "hurting anybody" on the night in question.   No intent on the part of appellant's servant to commit an injury on the plaintiff was predicated in the latter's case, nor necessary to sustain it.   The answers to such questions would have thrown no light on the matters in controversy, nor have affected the result in any manner.

But in the instructions given we find fatal error.   Those complained of are the fourth, fifth and sixth.

To the fifth, as follows:   "The jury are instructed, as a matter of law, that the plaintiff and his driver had a perfect right, while in the exercise of ordinary care for their own safety, to use and travel upon the street where the accident happened, including that portion of it in which the car tracks are laid, being obliged only to get off the tracks and allow cars to pass when they approached for that purpose, and for such use of the street car tracks by the plaintiff and his driver they were in no sense trespassers upon the tracks of the defendant"—we find no objection.

The argument of appellant that there is in it an assumption that the appellee and his driver were in the exercise of ordinary care, and that the expression "perfect right" implies that the appellant had no especial or superior right of way upon its tracks, is not forceful.   The jury would not be misled by the instruction in any such manner as this argument suggests.   "While in the exercise of ordinary care" plainly means, and undoubtedly was understood by the jury to mean, the same as "'if' in the exercise of ordinary care," or "so long as they were, and if they were, in the exercise of ordinary care."   The instruction is made neither better nor worse by the word "perfect."   Nor by any possibility could the jury, in consideration of our common colloquial forms of speech, have understood that the expression "perfect right" meant anything more than a legal right.   Counsel impliedly concede that without the use of the word "perfect" this part of the instruc-

tion would be unobjectionable.   The word is a mere pleonasm.

The sixth instruction is:

"If the jury believe from the evidence, under the instruction of the court, that the plaintiff is entitled to recover, then in fixing the damages which he ought to recover the jury should take into consideration all the circumstances surrounding the case, so far as these are shown by the evidence, such as the circumstances attending the injury, the loss of time of the plaintiff, if any, occasioned by the injury; the pain he has suffered, if any; the business he was engaged in, if any, at the time he was injured, and the extent and duration of the injury, and give the plaintiff such damages as the jury believe, from the evidence he has sustained."

This court has previously expressed a disapprobation of this, or a very similar instruction in a cause like this, because of the too general language in which the elements for the jury to consider are described. Heimsoth v. Anderson, 16 Ill. App. 152; Chicago Anderson Pressed Brick Co. v. Sobkowiak, 34 Ill. App. 312; City of Chicago v. Gilfoil, 99 Ill. App. 88.   But the Supreme Court in Chicago, R. I. & P. R. R. Co. v. Otto, 52 Ill. 416, said they found no reversible error in it, and indeed no objection to it, although in that case it was attacked.   We still think its language subject to criticism, but we should not reverse this judgment for that cause.

The fourth instruction, however, is fundamentally vicious and necessitates such a reversal.   It is as follows:

"If you believe from the evidence, that any witness has testified under a fear of losing his employment or a desire to avoid censure, or a fear of offending, or a desire to please his employer, then such fact may be taken into account by you in determining the degree of weight which ought to be given to the testimony of such witness; and in such case you have a right to judge of the effect, if any, likely to be produced upon the human mind by such feelings or motives, and how far such feelings or motives on the part of the witness may tend to warp his judgment or pervert the truth; and after applying your own knowledge of human nature and of the philosophy of the human mind to the in-

vestigation of the subject, you are to judge of the weight which ought to be given to the testimony of such witness, taking the same in connection with all the other evidence in the case."

There is no evidence in the record tending to show any such state of affairs concerning any of the witnesses for the defendant as is suggested in the instruction. Under such circumstances the giving of such an instruction has been more than once condemned by this court and by the other Appellate Courts of the State, but never in more apt terms than by Mr. Justice McAllister in the earliest case in which a discussion of it appears in the reports : "Such an instruction" said truly that eminent Judge, "affords the means for the unlimited sway of both passion and prejudice. If the means of discrediting witnesses there prescribed should be sanctioned, we are unable to perceive how we could ever determine from the record in such a case, that the clear weight and preponderance of the evidence was against the plaintiff. We must condemn it not only for that reason, but for its inherently mischievous tendency to thwart the due administration of justice." Chicago & Northwestern Ry. Co. v. Stube, 15 Ill. App. 41.

Counsel for appellee say that this instruction has been approved as well as condemned by this court. It has never been approved where, as in the case at bar, there was nothing in the evidence justifying it. In Central Warehouse Co. v. Sargeant, 40 Ill. App. 438, this court held that a similar instruction was not erroneous, because *"there was in evidence ground for an argument against the witness toward whom that instruction pointed."*

This court has never sanctioned, and it may confidently be predicted never will sanction, an instruction like this under discussion when the only ground for it in evidence is that certain of the witnesses are in the employ of one of the parties to the controversy. Giving it was an error which was not corrected by the other instructions pointed out by appellee's counsel, which treated of the credibility of witnesses. The essential vice of the instruction condemned is that it practically makes one test for the credi-

bility of one set of witnesses and a different one for another, not that it advises the jury that they may "arbitrarily reject" the testimony of employees, or treat the defendant corporation differently from a defendant individual. It is against these latter propositions only that instructions 17 and 26 are directed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*