## Chesapeake & Ohio Railway Company v. Bank's Admr.

(Decided May 7, 1913.)

### Appeal from Floyd Circuit Court.

Railroads—Action For Death—Earning Capacity of Deceased—Failure to Introduce Evidence of Not Fatal to Recovery.—Even though the deceased was old, feeble and infirm, the jury had the right to infer he had some earning capacity. The failure to introduce evidence of earning capacity is not fatal to a recovery.

HARKINS & HARKINS, WORTHINGTON, COCHRAN & BROWNING and F. T. D. WALLACE for appellant.

F. A. HOPKINS and J. C. HOPKINS for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

This is the second appeal of this case; the opinion of the court on the former appeal will be found in 142 Ky., 746.

The evidence on the last trial was substantially the same as that on the first; no new pleadings have been filed and no question raised which was not either expressly determined on the former appeal, or which might not have been made at that time.

The decedent was 82 years of age at the time of his death, and it is urged that as there was no evidence of earning capacity upon his part the verdict of $1,300 is excessive, and should not be upheld; that as there was no evidence of earning capacity the jury had no basis upon which to fix the amount of recovery, the instruction authorizing a recovery only for the destruction of his power to earn money. In other words, the contention, when analyzed, is that there can be no recovery for the negligent killing of a person so old.

In the case of the Cumberland Telephone & Telegraph Co. v. Overfield, 127 Ky., 548, this precise question was considered, and it was expressly held there that the failure to introduce evidence of earning capacity was not fatal to a recovery. The authorities are there cited and the question well reasoned.

Even though deceased was old, feeble and infirm, the jury had a right to infer he had some earning capacity. If it affirmatively appeared there was no earning capacity, a different question would be presented.

The size of the verdict in this case is convincing that the jury took all the circumstances into consideration.

Judgment affirmed.