# Kentucky & Indiana Terminal Railroad Company, et al. v. Becker's Admr.

(Decided September 26, 1919.)

## Appeal from Jefferson Circuit Court (Common Pleas Branch, Third Division).

1. Railroads—Accident at Crossing—Instruction.—In a suit by an administrator to recover damages for the death of decedent occasioned while riding on a street car which was struck by a train at a crossing, where the proof is ample to show gross negligence on the part of the watchman who had charge of the safety gates or the engineer running the locomotive, or both, an instruction is justified authorizing punitive in addition to compensatory damages in the discretion of the jury.

2. Trial—Verdict—Compensatory Damages.—Where a jury is instructed to award compensatory damages, and by the instructions authorized to also allow punitive damages in their discretion, but are further instructed that they must separate the amounts awarded if both compensatory and punitive damages are allowed, and their verdict does not so separate the amounts or state which is allowed, it may be assumed that the verdict is for compensatory damages.

3. Appeal and Error—Earning Capacity—Evidence.—In a suit by an administrator for the death of a married woman the jury awarded $16,000.00 damages where the only proof of her earning capacity was that according to life expectancy tables she had an expectancy of 31 years and was in good health, doing all the family household work except the washing and ironing. Held, that this evidence is sufficient to warrant a recovery for the value of the earning capacity of decedent which has been negligently destroyed, to be determined by the jury by the application of their "common knowledge and experience" to the facts and circumstances of the case, and the verdict cannot be set aside upon the ground that it is not supported by sufficient evidence.

4. Trial—Earning Capacity—Argument of Counsel.—The purpose of the arguments by counsel is to assist the jury in returning a verdict, and while counsel must confine their arguments to the evidence a judgment will not be reversed because of an argument by plaintiff's counsel based upon an assumed earning capacity which is merely a suggestion addressed to the "common knowledge and experience" of the jury, and not a statement of fact.

5. Trial—Earning Capacity—Argument of Counsel.—The fact that an illustration or argument made by plaintiff's counsel, based upon an assumed amount as the probable earnings of deceased, may have been accepted by the jury as the basis for their verdict, is not proof that the argument was improper.

6.  Appeal and Error—Amount of Recovery.—Where the evidence is such that both punitive and compensatory damages are justified, and authorized by the instructions, the mere fact that the verdict might be ·considered excessive when viewed as compensatory damages only is not sufficient ground on which to set aside the verdict when it cannot be said to be flagrantly against the evidence.

7.  Trial—Instructions—Remitter.—The purpose of instructing a jury to separate the amounts where both compensatory and punitive damages are allowed is simply to avoid another trial by remitter of the unauthorized punitive damages in cases where only compensatory damages should have been allowed.

HUMPHREY, CRAWFORD, MIDDLETON & HUMPHREY for appellants.

FRED FORCHT for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Florence Becker was killed when on February 12, 1917, after dark, the street car in which she was a passenger, was struck by a locomotive of the Southern Railway in Kentucky, being operated upon the tracks of the Kentucky & Indiana Terminal Railroad Company, at the street crossing at Twenty-ninth street and Broadway in the city of Louisville, Kentucky. In this suit her administrator recovered of Southern Railway Company and Kentucky & Indiana Terminal Railroad Company jointly sixteen thousand ($16,000.00) dollars for the negligent destruction of her life; the street railway company having been exonerated of blame by the jury, of which no complaint is made. This appeal is prosecuted by the two railroad companies from the judgment against them and the grounds urged for reversal are (1) that the verdict is excessive, (2) that it is not sustained by sufficient evidence, and (3) misconduct of plaintiff's counsel in argument to the jury.

As the two latter grounds are urged only in support of the first, it being admitted there was sufficient evidence to warrant a verdict for plaintiff, we will first dispose of the second and third grounds:

1. Sufficiency of the evidence to support the verdict:

The terminal railroad company owned the tracks and at this street crossing maintained gates and a watchman to operate them from a nearby tower. The gates were not

closed and neither the motorman on the street car nor the watchman in the tower, although on the lookout, observed or heard the train approaching the crossing. The testimony was conflicting as to whether the train gave signals and as to whether the headlight was burning. The accident occurred at a public street crossing in a large city soon after dark; four passengers in the street car were killed and many others injured, and there was ample evidence of gross carelessness to justify an instruction authorizing punitive in addition to compensatory damages, as counsel for appellants admit. The jury were instructed, however, to separate the amounts award-ed, if both were allowed, and as this was not done it is insisted, and not improperly, the jury assessed only compensatory damages; and it is upon this hypothesis alone that it is urged the evidence does not support the verdict. Decedent was a wife and housekeeper, twenty-eight years of age with an expectancy of approximately thirty-one years, of excellent health, and performed all of the family household duties except the washing and ironing. This was all of the evidence bearing upon her capacity to earn money, the destruction of which alone is of course the measure of compensatory damages in this action (L. & N. R. Co. v. Kenney's Admr., 162 Ky. 408), and it is insisted that there is not sufficient evidence to support a verdict of sixteen thousand ($16,000.00) dollars in the bare facts of health, an expectancy of life and the ability to perform household duties. It is true, of course, such evidence does not furnish figures from which sixteen thousand dollars or any other sum may be adduced as the value of deceased's earning capacity, yet she had earning capacity that defendants negligently destroyed, the value of which her administrator is entitled to recover even in the absence of direct proof as to value, as counsel for appellants admit. C. & O. R. Co. v. Banks' Admr., 153 Ky. 629, 156 S. W. 109. How then are juries to assess such values if appellants' argument is sound, that the evidence is insufficient to support the verdict simply because the proof does not furnish a basis for producing arithmetically the sum assessed? Because, if so, any substantial sum as well as another would yield to the argument. So this is really but an argument, and one often employed, to prove the verdict is excessive rather than unsupported by sufficient evidence. That it is wholly with-

out force for the latter purpose is apparent from what this court said, upon authorities cited, in Cumberland Telephone and Telegraph Company v. Overfield, 127 Ky. 548, 106 S. W. 342, 32 Ky. L. R. 421:

"But counsel for appellant further insists that appellant was not entitled to recover compensation for any permanent reduction in her power to earn money, as there was no evidence of her earning capacity. In Fisher v. Jansen, 128 Ill. 549, 21 N. E. 598, the rule is thus stated: 'A party personally injured from negligence may recover of the defendant damages for his inability to labor or transact business in the future, without any evidence of his success in business prior to his injury, or the extent of his earnings. Direct proof of any specific pecuniary loss is not indispensable to a recovery.' In Mason v. Paducah St. Ry. Company, 110 Ky. 680, 23 Ky. Law Rep. 46, 62 S. W. 496, this court said: 'The court also allowed for loss of capacity to perform the kind of labor for which he was fitted. This was error. It is not for the court or jury to undertake to determine the kind of labor for which he was or might become fitted.' In South Covington & Cincinnati Ry. Co. v. Bolt, 59 S. W. 26, 22 Ky. Law Rep. 906, this court laid down the following rule: 'Under the laws of this state she was entitled to earn wages, and, if she was deprived of her ability to do so by the negligence of the appellant, she is entitled to recover a fair equivalent in money. . . . Our opinion is that, if a married woman is injured by the negligent act of another, she is entitled to maintain an action for damages, and the same criterion of damages exists as to her as to a man or a single woman.' Furthermore, in the case of a permanent injury to an infant, his recovery for permanent reduction in power to earn money, in a suit by his next friend, is limited to the time after he arrives at his majority. It is manifest, therefore, that it would be impossible to furnish any direct evidence of his earning capacity at that time. If, then, such evidence were a prerequisite to a recovery, there could be no recovery, for any statement as to the future earning capacity of an infant would be mere speculation, and not evidence. Of course, evidence of earning capacity is always proper, but we do not think the failure to offer such evidence is fatal to a recovery. Appellee showed that prior to the accident she was in good health, and had done the cook-

ing, washing, ironing and general housework for a large family. After that time she was unable to perform any of those duties. It would have been difficult either to allege or prove the value of such services in dollars and cents. She had the right, however, to earn money. Her power to do so was impaired. To what extent was a question for the jury, to be determined by the application of their common knowledge and experience to all the facts and circumstances of the case."

To the same effect are City of Louisville v. Tompkins, 122 S. W. 176; C. & O. Ry. Co. v. Banks' Admr., *supra*.

2. The argument of plaintiff's counsel to the jury of which complaint is made is: "This lady (referring to decedent) had an expectancy of about thirty-one years. Suppose she could earn ten dollars a week. That would be five hundred and twenty dollars a year. Multiply that by thirty-one and it makes a little over sixteen thousand dollars as the loss of her estate by reason of her death." It is true, of course, counsel must confine their arguments to the jury to the evidence; but this does not mean that they may not make calculations and deductions to illustrate the result of an application of the facts as proven to the court's instructions and the law of the case, and thus to assist the jury in making a verdict, for such is the province and should be the purpose of every argument to a jury. Hence this argument was unwarranted only if it contained statement of fact unwarranted by the testimony, since courts cannot, of course, reverse a judgment because of an unsound conclusion of an advocate. The complained of argument contains no unwarranted statement of fact unless it may be found in "suppose she could earn ten dollars a week," but this is clearly not a statement of fact and is on its face at most merely a suggestion of counsel addressed to the "common knowledge or experience" of the jury, upon which alone, as we have heretofore seen, they had to rely for a basis for a verdict, since they could not well make a verdict except by some process of calculation based upon some earning capacity by the week, month, or year, of which there was no direct though ample circumstantial evidence. The statement was the same in effect as if counsel had said: "If from your common knowledge and experience, as applied to the proven facts and circumstances, you determine upon ten dollars a week as the

value of her earning capacity your verdict ought to be sixteen thousand dollars upon the proof of its probable duration,'' and we are sure there is nothing improper in the statement, although it suggested of course, a definite value in the absence of direct proof thereof. But there was such proof of the value, though circumstantial, as warranted the jury in fixing it, and where the proof warrants a conclusion of substantial value by the jury it certainly warrants argument and suggestion by counsel of his estimates upon the proof of value; otherwise he could not argue to a conclusion from the very testimony upon which the jury are required to determine the vital question in the case. Certainly the fact urged upon us by counsel for the appellant that this illustration, or suggestion as they call it, by counsel for the plaintiff may have been accepted by the jury rather than others that may have been suggested, is not proof that the argument itself, or the suggestion of ten dollars a week, was improper, unless any other amount suggested would have been improper also. And if it was improper to suggest a definite weekly wage for the jury's consideration, because of the absence of definite proof thereof, it would have been improper for the same reason for counsel for either side to have suggested a definite sum for the verdict, although only the amount of the verdict was involved. The rule does not of course go so far as that.

3.    The one question really involved upon this appeal is whether or not under all the facts and circumstances a verdict of sixteen thousand dollars addresses   itself to the mind of the court at first blush as being so flagrantly against the evidence as to have been induced by passion or prejudice, and this it does not do because the negligent act, for which appellants confess liability, that destroyed the earning capacity of decedent was of such a character as proved conclusively a wanton disregard of human life. If, as the engineer on the locomotive testified, the headlights upon his engine were burning and he gave the customary signals of its approach to the street crossing, then the watchman in the tower was guilty of the grossest neglect in failing to notice the approach of the train and to lower the safety gates at the street crossing at this hour, just after dark, when street cars, loaded with passengers, were passing, or if, upon the other hand, the watchman was on the lookout as he testified and did

not notice the approach of the engine because the headlight was not burning and no signals were given, then the engineer was guilty of grossest negligence, and as appellants defend jointly for the acts of both the engineer and the watchman they are jointly liable for the negligence that caused this accident, whether of the engineer or the watchman; and there can be no doubt but that the negligence of one or the other or both of these two agents was responsible for this accident, and was of the very grossest kind. So, therefore, upon all of the facts and circumstances in this case, which amply justify and would have supported a verdict not only for compensatory damages but for punitive damages in addition thereto, we cannot say that the verdict is excessive or flagrantly against the evidence or the probable result of prejudice or passion. It would only be if we viewed the evidence in this case upon the theory that compensatory damages alone should have been awarded that there could be any doubt as to whether or not the verdict is excessive, and although, viewed in that light merely, it is large, we doubt if it should be considered flagrantly excessive. But, however that may be, and although the jury has allowed the full sum as compensatory damages only we are of the opinion that the error, if any, should be attributed to the form rather than the substance of the verdict returned, and that being of the opinion that upon all the facts and circumstances of the case the verdict cannot be said to be flagrantly against the evidence, nor as apparently the result of prejudice or passion, it cannot be set aside upon the ground that it is excessive. It is not the purpose of the requirement of the jury to apportion its findings where both compensatory and exemplary damages are awarded that an opportunity may be thereby afforded the defendant to weigh separately the two elements of damages allowed and to give him two opportunities for reversal if either considered alone is excessive, but the sole purpose of this requirement is that another trial may be avoided in cases where only compensatory damages should have been allowed by remitter of the unauthorized punitive damages. That this is so is apparent not only from the fact that such requirement is of but recent origin in this jurisdiction but also from the reasons given in the opinion which approved and authorized such practice. L. & N. Ry. Co. v. Scott, et al.,

141 Ky. 538, 133 S. W. 800, 34 L. R. A. (N. S.) 206. To otherwise construe its purpose or its effect would not only abridge the rule that a verdict awarding damages will not be disturbed as being excessive unless it is so palpably against the evidence (meaning, of course, all of the evidence and not merely a part) as to strike the mind at first blush as being the result of passion or prejudice, but would also ignore the code inhibition against a reversal for any error which does not affect the substantial rights of the adverse party. Whether, then, the verdict is excessive under all the facts and circumstances of the case, rather than whether it is excessive if considered in a certain light, is the question that addresses itself to the mind and conscience of the court when attempting the always difficult decision of whether a verdict was induced by passion or prejudice. It is, of course, an immaterial error whether damages, if justified by the facts and circumstances, were incorrectly apportioned or not apportioned at all, and we are sure that in a case like this where upon the evidence both compensatory and punitive damages might have been properly allowed we ought not to reverse a judgment upon the sole ground that the verdict is excessive unless so when considered in the light of the evidence rather than the mere form under which it was returned. It would seem the fact that the jury returned the whole sum as compensatory damages and did not inflict any sum as a penalty is some evidence though not conclusive of course that they entertained neither prejudice nor passion against the defendants. We have refused to reverse judgments for larger amounts in a number of cases where the facts and circumstances upon which the size of the verdict depended were no stronger, if as strong, as in this case. L. & N. R. Co. v. Setser's Admr., 149 Ky. 162; C. & O. R. Co. v. John's Admr., 155 Ky. 264. It is, therefore, our conclusion that this judgment ought not to be reversed upon the ground that the verdict is excessive.

Wherefore, the judgment is affirmed.