## LOUISVILLE & NASHVILLE R. CO. v. TAYLOR.

Court of Appeals of Kentucky.
March 13, 1951.

Woodward, Hobson & Fulton, Louisville, for appellant.

Lawrence S. Grauman, Morris Borowitz, Louisville, for appellee.

VAN SANT, Commissioner.

Mrs. Willa Taylor was injured in a railroad crossing accident in Louisville and recovered judgment of the Louisville and Nashville Railroad Company for $2,704.30 compensatory and $4,000 exemplary damages. The company has paid the judgment for compensatory damages, but appeals the part awarding punitive damages.

The proceedings pertaining to the bill of exceptions and the supplemental record of the entry of a nunc pro tunc order filing the instructions of record are the same as in Paul's Administrator v. L. & N. Railroad Co., the opinion in which case became final December 8th, 1950. For the reasons therein given, the bill of exceptions and the supplemental record in this appeal must be stricken. There remains the sole question of whether the pleadings of the successful party support the judgment for punitive damages.

In her amended petition, appellee alleged that her injuries were caused by the gross negligence and carelessness of appellant in failing to lower the gates maintained at the crossing where the accident occurred so as to give her a reasonable opportunity to avoid the automobile which she was driving from being struck by the train at the crossing. The petition additionally alleged that the crossing where the accident occurred was dangerous, was used by many persons, and the traffic over it was very heavy. It was further alleged that no other signal was given of the approach of the train to the crossing and that the signal equipment maintained at the crossing by the defendant was out of condition.

[redacted] Appellant contends that a mere allegation that defendant was guilty of gross negligence is not a sufficient pleading upon which to base a judgment for punitive damages. It argues that the petition must further allege that the negligence was willful, or was such as to show a wanton or reckless disregard of the rights of others, or "facts must be alleged from which the inference of gross negligence must necessarily be drawn." Appellant is not without authority to support this contention; but the complaint overlooks the fact that the pleading before us contains more than a mere allegation of gross negligence. It recites facts showing culpable omission of duty owed appellee by appellant and relies on such allegations to support the judgment awarding punitive damages. This allegation is that appellant, at a dangerous crossing, maintained gates to stop traffic on the approach of a train, but on this occasion its agent failed to lower the gates to warn appellee of the unheralded danger.

In Kentucky & I. T. R. Co. et al. v. Becker's Adm'r, 185 Ky. 169, 214 S.W. 900 the plaintiff alleged: "The defendant, K. and I. agents, servants, and employees, with gross negligence and carelessness, failed to lower the gates erected at said crossing as a protection to pedestrians and vehicles using said crossing and with gross negligence and carelessness failed to give any warning etc."
The court did not pass on the sufficiency of the pleading but, in upholding the award for punitive damages, observed that the railroad company's watchman was guilty of the "grossest neglect in failing to notice the approach of the train and to lower the safety gates at the street crossing * * *." In Louisville & N. R. Co. et al. v. Roth, 130 Ky. 759, 114 S.W. 264, 265, the facts were almost identical with those alleged in this case. The court said:

"The failure to protect this crossing was not due to accident, or other cause that could not well be anticipated or guarded against. It was the result of reckless inattention to duty on the part of the employe who was stationed there to warn travelers of the approach of trains by closing the gates. * * * the fact that the gates were open was itself an invitation that the passage was safe. The open gates, in effect, said to the traveler: 'You may safely cross the track, as no train is approaching that will injure you.' The open gate was the same as if the employe stationed there had called or motioned to appellee to cross, and to leave the gates open under circumstances like those proven in this case was a reckless disregard of human life. (Citations follow.) As the companies were guilty of gross neglect, the appellee was entitled to be allowed, in the discretion of the jury, punitive or exemplary damages. That such damages may be awarded where the negligence is gross is no longer an open question in this state."

We do not perceive that appellee could have alleged any additional fact which would have strengthened the charge of gross negligence, since we specifically have held that the failure to lower gates, in like circumstances, is negligence "of the very grossest kind"—negligence amounting to a "reckless disregard for human life."

[redacted] Appellant concedes that it is unnecessary for a plaintiff to pray for punitive damages in express terms to justify an award of such. It frankly admits that the authorities are almost unanimous in holding such a demand to be unnecessary. However, it contends the pleadings should be such as will place a defendant on notice that recovery of punitive damages is being sought; and it argues that the pleadings in this case are deficient in that respect.

[redacted] The petition originally filed did not charge gross negligence. The only substantial difference between the original and the amended petition is that the latter contained that charge. The change of the charge of ordinary negligence to that of gross was ample notice to appellant that punitive damages would be requested. There could have been no other reason for amending the petition in such manner.

[redacted] We do not construe Louisville & N. R. Co. v. Jones' Adm'r, 297 Ky. 528, 180 S.W.2d 555 to be in conflict with either the Becker or the Roth case. The negligence relied on in the Jones case was mere

failure of the railroad company to "keep a lookout and to sound warning of the approach of the train." Failure to keep a lookout or sound a warning of the approach of a train does not constitute the degree of negligence necessary to support a verdict for punitive damages. Such failure does not amount to the flashing of a green light—an assurance on the part of the railroad company that the traveler may cross the tracks in absolute safety. Where a watchman is stationed or gates are maintained, the traveling public has a right to rely on the signal of the watchman or its equivalent—the failure to close the gates, and in either event he is guaranteed safe passage. If he is openly invited into a place of danger, such invitation constitutes an entrapment, and is in wanton disregard of the life or safety of the invitee. We are of the opinion that the amended petition stated facts sufficient to support the award of punitive damages and that the pleading was so worded as to serve notice on appellant that such an award would be sought.

The judgment is affirmed.