Elbert DAVIDSON, Appellant,

v.

LOUISVILLE & NASHVILLE RAILROAD
COMPANY, Appellee.

Court of Appeals of Kentucky.

Oct. 19, 1956.

Redwine & Redwine, M. C. Redwine, M.
C. Redwine, Jr., Winchester, for appellant.

J. Smith Hays, Jr., William O. Hays,
Winchester, for appellee.

MONTGOMERY, Judge.

Elbert Davidson has moved for an appeal from a verdict and judgment denying the appellant's claim for damages to his automobile and punitive damages resulting from a collision between his car and appellee's train.

On October 6, 1955, appellant's wife was driving into Winchester from Ashland. The double tracks of the Louisville & Nashville Railroad Company, appellee, crossed North Main Street in Winchester at almost a right angle. The crossing was protected by a watchman and by a gate composed of two crossarms; one on the north side of the tracks which, when lowered, extended eastwardly to the center of the street, and one on the south side

of the tracks which, when lowered, extended westwardly to the center of the street.

As the car approached the tracks, the crossing gate arms were going up. Appellant's wife started to drive across the tracks and observed a train as it approached, 75 to 100 feet to her left. She immediately stopped the car. In an effort to back the car off the tracks, she "killed" the engine and. was unable to restart it. She got out of the car and waved at the engineer to stop the train. The train struck the car on its left front side and pushed it around a steel post located near the tracks. At some time during the proceedings, a crossarm came down on top of the car. When the train stopped, the crew uncoupled part of the train to clear the crossing. In so doing, the right side of the car was also damaged. The evidence is conflicting as to what warnings were given, other than the operation of the crossing gate.

Appellant sought $885 for compensatory damages and $1,000 for punitive damages. At the close of the testimony, the trial court overruled appellee's motion for a directed verdict.

The trial court gave no instruction covering the damages caused by the first striking of the car on its left side or the dropping of the crossarm. The instructions limited the recovery of damages to those inflicted on the right side of the car caused by the uncoupling of the train. Appellant offered instructions covering liability for all of the damages, both compensatory and punitive, which were refused.

■ The trial court was in error in refusing to submit appellant's theory of the case as presented by his evidence. The correctness of the form of the refused instructions is not presented at this time. The trial court should have instructed the jury on all phases of the case justified by the evidence and requested by appellant. CR. 51. West Kentucky Coal Co. v. Shoulders' Adm'r, 234 Ky. 427, 28 S.W.2d

479; Jones v. Sharp's Adm'r, 282 Ky. 638, 139 S.W.2d 731.

■ Appellant urges that an instruction on punitive damages should have been given to the jury. A gate operated by a watchman was maintained by the appellee at the crossing here involved. When a gate operated by a watchman is maintained at a crossing and injury results from the reckless inattention to duty on the part of the employee charged with such duty, an instruction on punitive damages is justified. The failure to warn travelers of the approach of trains under such circumstances has been held to constitute "negligence of the grossest kind". Thus, an instruction on punitive damages should have been given. Louisville & N. R. Co. v. Taylor, Ky., 237 S.W.2d 842, and cases cited therein.

Motors Insurance Corporation, insurance carrier on the damaged car, intervened in the action in the lower court. It sought to collect $278.47 paid by it on the repair bill of $328.47. There was a $50 deductible provision in the policy. The insurance carrier did not file a notice of appeal, and its name was stricken from the record as an appellant. Electric Plant Board of City of Hopkinsville v. Stephens, Ky., 273 S.W.2d 817.

■ Appellee filed no cross-appeal but now urges that a subrogation receipt issued by appellant to the insurance carrier was an assignment of his entire interest in the cause of action against appellant. On the facts, this case is not distinguishable from Louisville & N, R. Co. v. Mack Mfg. Corp., Ky., 269 S.W.2d 707. Appellant is entitled to prosecute his action for compensatory and punitive damages. In the event of a recovery, the amounts awarded for each type of damage should be stated separately. Appellant would be entitled to receive all of the punitive damages, as well as the first $50 and the remainder of the compensatory damages in excess of $328.-47. In such manner, any recovery for com-

pensatory damages would be credited by $278.47 already received by appellant from his insurance carrier.

No merit is found in the several contentions that the trial court erred in denying the introduction of testimony by several witnesses offered by the appellant.

Appellant's motion for an appeal is sustained. Judgment is reversed and a new trial consistent herewith is ordered.