Charles Kelly, Appellant, v. Gustaaf Huyvaert and Marguerite Huyvaert, Wife, Appellees.

Gen. No. 9,968.

Opinion filed
September 19, 1944.

SHERWOOD L. COSTIGAN, of East Moline and BELL, FARRAR & SCOTT, of Rock Island, for appellant; SHERWOOD L. COSTIGAN, of East Moline and EARL L. SCOTT, of Rock Island, of counsel.

KENWORTHY, HARPER, SOLLO & GRAHAM, of Moline, for appellees; R. G. GRAHAM, of Moline, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

Charles Kelly, the appellant, started a suit in the circuit court of Rock Island county, against Gustaaf Huyvaert and Marguerite Huyvaert, husband and wife, to recover damages he sustained through a fall on an

ice-covered sidewalk on the premises of the defendants where they maintained and operated a lunchroom and tavern.

In substance, the complaint is as follows: It charges in paragraphs 1, 2 and 3 thereof, that at the time the accident happened the defendants operated, controlled and maintained a tavern, lunchroom and dance hall at the intersection of First avenue and First street in the City of Silvis, Illinois, together with a parking lot immediately to the north of, and adjacent to said building; that the general public was expressly and impliedly invited to make use of said parking lot; that on said parking lot and immediately to the north of, and adjacent to said building there was a concrete sidewalk about three feet in width, which was used by guests and patrons of the defendants to reach a door leading into said tavern, which door was located on the north side of said building.

The complaint, in paragraphs 4, 5 and 6 thereof, charges in substance and among other things, that it was the duty of the defendants to keep said concrete sidewalk and parking lot in a good and safe condition and repair; that on January 15, 1943, the date of the accident, the sidewalk and parking lot were uneven and full of holes which were covered with ice, snow and sleet and were in a dangerous and unsafe condition and had been in such dangerous and unsafe condition for a long space of time prior to the date aforesaid, of which condition the defendants had notice, or by the exercise of due diligence could or should have had notice; that on January 15, 1943, the plaintiff went upon the premises of the defendants for the purpose of transacting business with, and as a guest of, the said defendants, and on departing from said building and while walking upon and using said concrete sidewalk slipped and stumbled and while falling struck his right wrist upon and against the metal license plate on a car parked near to said sidewalk and was thereby

injured; by reason of his injuries he was compelled to and did expend large sums of money in endeavoring to be cured, suffered loss by reason of being unable to work at his employment and suffered great pain and suffering, for which he claimed damages in the sum of $1,500.

The answer of the defendants admits the ownership, maintenance and operation of the business and premises as charged in paragraphs 1, 2 and 3 of the complaint, but denies each and all of the other allegations of the complaint.

The case was tried before a jury and at the conclusion of the plaintiff's evidence, the defendants filed their motion for a directed verdict, and presented such an instruction. The court gave the jury the instruction, and they returned their verdict for the defendants. Judgment was rendered in favor of the defendants and costs of suit assessed against the plaintiff. The plaintiff entered a motion for a new trial, which motion was overruled by the court. From the judgment in favor of the defendants, the plaintiff has perfected an appeal to this court.

The appellant now urges that the trial court erred in taking the case from the jury and in directing a verdict for the defendants, as he insists that the evidence was sufficient to go before the jury for their consideration. The appellees contend that the statement of the court in overruling the plaintiff's motion for a new trial in which he states that the plaintiff in his complaint, charges the defendants with negligently maintaining the grounds surrounding the tavern, and allowing holes and uneven places to exist, which were covered with ice and snow, which caused the accident and there is no evidence to sustain such charges, is a correct statement of the case. An examination of the complaint discloses that this is the main charge of negligence, as complained of by the plaintiff against the defendants, and the trial court properly held that

the plaintiff wholly failed to sustain by the evidence, this charge of the complaint.

The evidence shows that the plaintiff went to the place of business of the defendants for the purpose of having his work check cashed, and for a lunch; that for the past three or four days the whole neighborhood surrounding the defendants' place of business had been covered with a coat of sleet and ice several inches thick; that on the morning in question, the ice was covered with snow; that the plaintiff went into the defendants' place of business and transacted his business and then left, and slipped on the icy sidewalk adjoining the defendants' place of business and was injured. There is no question but that this icy condition had existed for several days, and that the plaintiff had knowledge of such condition. The appellant insists that it was the duty of the defendants to remove this ice, or to scatter cinders, sand or some substance on it, so as to avoid the slippery condition of the ice. Our attention has been called to no case wherein the property owner has been held liable when the icy condition had been general throughout the neighborhood and was not aggravated, or caused in any way by the property owner, but where the same had been caused by nature. *Murray v. Bedell Co. of Chicago,* 256 Ill. App. 247.

It is our conclusion that the trial court properly directed a verdict in favor of the defendants; and the judgment is hereby affirmed.

*Judgment affirmed.*