Patricia WATTS, Appellant (Plaintiff below),

v.

Harold HOLMES, d/b/a Holmes Auction. Appliance, and Furniture Company, Appellee (Defendant below).

No. 3179.

Supreme Court of Wyoming.

Nov. 22, 1963.

Henderson, Godfrey & Kline, Harry B. Henderson and David D. Uchner, Cheyenne, for appellant.

Williams, Wunnicke & Fennell and Mrs. Brooke Wunnicke, Cheyenne, for appellee.

Before PARKER, C. J., and HARNS-BERGER, GRAY and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The plaintiff, Patricia Watts, has sought to recover damages from Holmes Auction, Appliance and Furniture Company, for personal injuries suffered when plaintiff slipped on ice in the automobile-parking area maintained by defendant for its customers.

The case was tried to a jury, and at the close of plaintiff's evidence a verdict was directed for defendant. Mrs. Watts claims, on appeal to our court, that the jury should have been permitted to decide the issues in the case. Thus, there is presented for our consideration the question as to whether plaintiff made a prima facie case of negligence against Holmes.

The only claim of negligence asserted by plaintiff in her complaint was that defendant "had negligently and unlawfully allowed an accumulation of clear ice to accumulate in front of its place of business and in the area where Defendant invited business invitees to park their automobiles." The record discloses no pretrial conference and nothing of any nature which could be construed as a settlement of or assertion of any further issue on the part of plaintiff.

We therefore confine ourselves to the issue presented and look to see whether any substantial evidence was offered to prove the charge alleged. First, with respect to the unlawful accumulation of ice, the record discloses no ordinance which was violated, and no applicable statute is called to our attention. In short, it is fair to say that no attempt was made to prove defendant had unlawfully allowed ice to accumulate in its parking area.

We turn then next to the evidence to see whether there was proof that defendant had negligently allowed clear ice to accumulate in its parking area. According to plaintiff and her witnesses there was no snow and there had been no recent snow. Also, plaintiff said there was no moisture at the time of accident. The surfacing of the parking area was described by all

witnesses as consisting of sand, dirt, gravel and rock.

There is a total absence of evidence tending to show that defendant created a situation which caused ice to accumulate. The only possible conclusion which can be drawn from the evidence is that ice accumulated as a result of natural weather conditions, or in other words as an act of God and in the same manner in which it would accumulate elsewhere.

Also, there is no allegation that defendant negligently permitted the ice to remain on its property, and the evidence does not establish its presence until a matter of minutes before the plaintiff's fall.

■ As far as our court is concerned, it is sufficiently settled that a storekeeper is not an insurer of the safety of a customer shopping at his store. Dudley v. Montgomery Ward & Co., 64 Wyo. 357, 192 P.2d 617, 622.

If defendant was not an insurer of plaintiff's safety and if the ice in question accumulated by an act of God and not by anything which defendant did or left undone, then the proposition upon which plaintiff actually went to trial was in reality that Holmes negligently allowed the act of God to happen.

If indeed plaintiff intended to assert a different claim against the store owner, we have no way of knowing what it was. Pleading under our rules of civil procedure has sometimes been called "notice pleading," but a more appropriate label would probably be "modern pleading" or "simplified pleading." 1A Barron and Holtzoff, Federal Practice and Procedure, § 251, pp. 30–31 (1960).

■ Irrespective of any views that may be taken for procedural reform, however, a complaint still must show that the pleader has a claim on which he is entitled to relief. Rule 8(a), W.R.C.P.

In Turkish State Railways Administration v. Vulcan Iron Works, D.C.Pa., 153 F.Supp. 616, 617, it was said, to the pleadings is assigned the task of general notice giving; the task of narrowing and clarifying the basic issues, ascertaining the facts relative to those issues, is the role of deposition-discovery process aided by the pretrial hearing. In other words, a pleading should give notice of what an adverse party may expect, and issues should be formulated through deposition-discovery processes and pretrial hearings. See McElroy v. United Air Lines, Inc., D.C.Mo., 21 F.R.D. 100, 102.

■ In the case before us, as we have already indicated, there was no pretrial hearing and no clarification of issues. Consequently, the trial court's directed verdict cannot be challenged without a showing of substantial evidence tending to prove the act alleged, i. e. the act of negligently allowing ice to accumulate in defendant's parking area.

We are cited to no authority holding that a store owner may be considered negligent for allowing the natural accumulation of ice due to weather conditions, where he has not created the condition. On the other hand, there seems to be reliable authority for holding that the store owner may not be charged with negligence for such an accumulation. See Crawford v. Soennichsen, 175 Neb. 87, 120 N.W.2d 578, 581; Kelly v. Huyvaert, 323 Ill.App. 643, 56 N.E.2d 638, 639–640; and Zide v. Jewel Tea Company, 39 Ill.App.2d 217, 188 N.E. 2d 383, 385–386.

Dangers created by the elements such as the forming of ice and the falling of snow are universally known, and the cases seem generally to hold there is no liability where the danger is obvious or is as well known to the plaintiff as to the property owner. Crawford v. Soennichsen, supra, at 120 N.W.2d 581; Turoff v. Richman, 76 Ohio App. 83, 61 N.E.2d 486, 488. See also Hoffman v. Kroger Company, Mo. App., 340 S.W.2d 152, 155.

The evidence in the instant case failed to establish superior knowledge, actual or constructive, on the part of the owner, of the danger present. Instead, the evidence as we understand it indicates both the

plaintiff and her husband had opportunity, shortly before the accident, to know as much as or more than the defendant about ice conditions in the parking area. See 38 Am.Jur., Negligence, § 97, pp. 757–758, and cases cited under notes 8, 9 and 10.

It is apparent, as the record stands before us, that insufficient evidence was offered to make a prima facie case of negligence against Holmes, insofar as an accumulation of ice is concerned. We need not, in view of this conclusion, consider the defense of contributory negligence, which has been urged as a further reason for upholding the directed verdict.

The case is affirmed.