350 F.2d 638
 Rudolph WEAVER, Plaintiff-Appellant,
v.
Edwin W. ALBEE and A. Warton, Trustee of the Estate of E. W.
Albee and Mary T. Albee, Deceased, John S. Peabody, Richard
S. Peabody, and Martin B. Breighner, Executor of the Estate
of Louise S. Peabody, Deceased, Defendants-Appellees.
 No. 14938.
 United States Court of Appeals Seventh Circuit.
 Aug. 3, 1965.
 
 Herbert F. Stride, Chicago, Ill., Sennett, Levin, Craine & Stride, Chicago, Ill., Louis Elovitz, Chicago, Ill., of counsel, for appellant.
 Frank Glazer, Donald J. O'Brien, Jr., Chicago, Ill., for appellees.
 Before HASTINGS, Chief Judge, and KNOCH and KILEY, Circuit Judges.
 KNOCH, Circuit Judge.
 
 
 1
 Plaintiff, Rudolph Weaver, sued defendants, Edwin W. Albee and A. Warton, Trustee of the Estate of E. W. Albee and Mary T. Albee, deceased, John S. Peabody, Richard S. Peabody and Martin B. Breighner, Executor of the Estate of Louise S. Peabody, deceased, to recover damages for injuries he sustained in a fall while leaving the building located at 6100 S. Dorchester Avenue, Chicago, Illinois. For purposes of disposing of their motion for directed verdict, the defendants conceded ownership of the premises at that address. In his third amended complaint, the plaintiff alleged ordinary negligence in one count and wilful and wanton misconduct in the other. The motion for directed verdict in favor of defendants was granted at the close of plaintiff's evidence. Plaintiff's appeal followed.
 
 
 2
 The plaintiff's evidence showed that the premises were a three-story, six-apartment building with a back stairway ending in an enclosed vestibule with an open doorway from which a private walkway leads to 61st street. There is an outside six-inch high concrete step from the doorway down to the walkway. There has been no door in the doorway for at least the past ten years.
 
 
 3
 Plaintiff had come through the front entrance to the building about five o'clock p.m. on December 6, 1961, intending to visit a Mr. and Mrs. Harris who were friends of his, but who were not expecting him. When he learned that the Harrises were not at home, he visited other friends of his in the building, the Haynes family, who lived on the second floor. Although uninvited and unexepected, plaintiff was a welcome guest who was godfather to one of the Haynes children.
 
 
 4
 Sometime between 7:00 and 8:00 p.m. after his visit with the Hayneses, plaintiff left by the rear staircase with which he was familiar from numerous previous visits. He described the stairway as dimly lit, but stated that there were lights at the third and first floors and that he could see coming down the steps. He testified that he slipped on the ice and fell while stepping through the doorway at the foot of the stairs, and that only after he had fallen did he see that there was an icy surface to the inner as well as the outer threshold of the vestibule.
 
 
 5
 Both plaintiff and Mrs. Haynes testified that the weather conditions that day were poor, that the day was sleeting, icy, with cold rain, and that these conditions were in effect when plaintiff arrived at the building and also at the time of his fall. Evidence of the weather reports for the day showed a freezing rain between 1:45 and 5:50 p.m. and a freezing drizzle between 7:00 and 9:25 p.m., with a range of temperature from 24 to 34 degrees.
 
 
 6
 Plaintiff contends that his evidence indicated that he was a business invitee who was obliged to show only ordinary negligence to recover; that the District Court erroneously held him to be a mere licensee and misconstrued the extent of the defendants' duty toward plaintiff.
 
 
 7
 Plaintiff argues that he established a prima facie case which should have gone to the jury.
 
 
 8
 We agree with the District Court that an uninvited, social guest of a tenant, however welcome, is a licensee to whom the owner of the building owes only a duty not to inflict wilful and wanton injury. Schmidt v. Langer, 1948,336 Ill.App. 158, 83 N.E.2d 34; Roth v. Schaefer, 1939, 300 Ill.App. 464, 469, 21 N.E.2d 328.
 
 
 9
 Apart from the issue of plaintiff's status as licensee or invitee, it appears clear to us that there was no case here for the jury. The District Judge referred specifically to the Illinois snow and ice cases which do not require a landlord to remove ice accumulating from natural causes on the outdoor steps and walks of a building, as it is accumulating during a still pending storm. Durkin v. Lewitz, 1954, 3 Ill.App.2d 481, 491, 123 N.E.2d 151; Blumberg v. Baird, 1943, 319 Ill.App. 642, 49 N.E.2d 745; Cronin v. Brownlie, 1952, 348 Ill.App. 448, 453, 109 N.E.2d 352; Kelly v. Huyvaert, 1944, 323 Ill.App. 643, 646, 56 N.E.2d 638.
 
 
 10
 Plaintiff would distinguish these cases on the ground that the ice in the case before us accumulated inside the partially enclosed foot of the back stairs for want of a door in the doorway opening. Plaintiff argues that the jury might have found that defendants were negligent in failing to provide such a door. Plaintiff himself testified that he slipped as he was stepping off onto the private walkway outside. He stated that he was stepping onto the walkway with his right foot; that it was his left foot which slipped out from under him, and that his left foot was outside when he fell, presumably his left foot was on the outside concrete step.
 
 
 11
 No statute or ordinance imposing any duty on a landlord to maintain a door at the foot of the back stairs has been brought to our attention, nor have we found any such authority.
 
 
 12
 The judgment of the District Court is affirmed.
 
 
 13
 Affirmed.
 
 
 14
 KILEY, Circuit Judge (dissenting).
 
 
 15
 I respectfully dissent.
 
 
 16
 It is my opinion that the district court applied an erroneous rule of law in directing a verdict against plaintiff, and that under Illinois law plaintiff made out a case for the jury.
 
 
 17
 The rule is that where only a portion of the premises is rented and the landlord retains control of other parts of the same such as stairways, passageways, or cellarways, or where he rents the premises to several tenants, retaining control over a part of the same for the common use of the several tenants, he has the duty of exercising reasonable care to keep the premises in a reasonably safe condition and he is liable for an injury which results to persons, lawfully in such place, from failure to perform such duty. Shoninger Co. v. Mann, 219 Ill. 242, 76 N.E. 354 (3 L.R.A.,N.S., 1097) (1905).
 
 
 18
 Murphy v. Illinois State Trust Co., 375 Ill. 310, 314-15, 31 N.E.2d 305, 307 (1940); accord Mueller v. Phelps, 252 Ill. 630, 97 N.E. 228 (1912); Fisher v. Jansen, 30 Ill.App. 91, 93, aff'd 128 Ill. 549, 21 N.E. 598 (1889). The Supreme Court of Illinois does not undertake to designate the status of the injured party as 'invitee' or 'licensee'.
 
 
 19
 The evidence here clearly tends to prove the lawfulness of plaintiff's presence in the common vestibule, at the implied invitation of defendant, Fisher v. Jansen, supra; and to prove negligence on defendant's part in not anticipating that the unenclosed vestibule could be dangerous in snowy, drizzly weather, and in failing to exercise reasonable care to protect those lawfully on the premises from that danger.
 
 
 20
 The rule in Murphy was announced after the decision in Roth v. Schaefer, 300 Ill.App. 464, 21 N.E.2d 328 (1939), cited by the majority, and the earlier case of Shoninger Co. v. Mann was not cited in Roth v. Schaefer. In Schmidt v. Langer, 336 Ill.App. 158, 83 N.E.2d 34 (1948), also cited by the majority, the basis of the decision was that there was no evidence of negligence; and the plaintiff there was a social guest of the defendant apartment owner.
 
 
 21
 Under Illinois law a social guest is entitled only not to be injured by wilful or wanton misconduct of his host, Biggs v. Bear, 320 Ill.App. 597, 51 N.E.2d 799 (1943), and the fact that the host is the landlord of an aparment building does not change that duty. But the rule is otherwise as to other persons lawfully on the premises. Fisher v. Jansen, supra.
 
 
 22
 I think the majority erred also in taking the evidence unfavorably to plaintiff on the question of a directed verdict, by presuming that his left foot was on the outside step.
 
 
 23
 I would reverse and remand.