James F. McKEE, Appellant
(Plaintiff below),

v.

PACIFIC POWER AND LIGHT COMPANY,
a Maine Corporation, Appellee
(Defendant below).

No. 3490.

Supreme Court of Wyoming.

Aug. 29, 1966.

Robert R. Rose, Jr., and Philip F. O'Neill, Casper, for appellant.

Houston G. Williams, of Wehrli & Williams, Casper, for appellee.

Before HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

The plaintiff, James F. McKee, an electrician, was doing work on cable belonging to a television company and which was attached to poles of the defendant, Pacific Power and Light Company. The work involved disconnecting and unwinding tie wires which supported the cable. A tie wire broke and came in contact with high-voltage power lines of defendant causing electric shock and injury to plaintiff.

In a suit for damages, based on negligence of the power company, the trial court, at the close of all of the evidence, directed the jury to return a verdict for defendant. The plaintiff has appealed from the judgment entered on such directed verdict. The sole issue presented to us is whether a prima facie case of negligence against the power company was proved, and

if so whether plaintiff was guilty of contributory negligence as a matter of law.

The pole on which McKee was working had two crossarms supporting a primary circuit on top and a secondary circuit 5.1 feet below the primary circuit. At a point 4.5 feet below the crossarm for the secondary circuit a TV messenger cable was attached. One foot below the TV cable was a telephone cable, and this cable was 21.7 feet above the ground. There were, then, three separately owned facilities located on the pole in question.

As we understand the contentions of appellant, it is suggested the defendant-power company was negligent: (1) because it did not insulate its high-voltage power lines; (2) because it did not inspect the TV installations of the television company and discover whatever kink or splice caused the tie wire which plaintiff was unwinding to break; or (3) because it did not cut off the power in its power lines while workmen were working on the cable of the television company.

It is undisputed that all of the facilities described above, including those of defendant-power company, were installed in compliance with the National Electric Safety Code. Also, counsel on both sides seem to agree the test to be applied in determining whether the negligence of an electric power company can be regarded as the proximate cause of an injury is whether, under all the circumstances, the injury might have been reasonably foreseen by a person of ordinary intelligence and prudence. See Annotation 69 A.L.R.2d 9, 19, § 4.

Therefore, our question first of all is whether the probability of injury to someone who had a right to be in the vicinity of defendant's high-voltage power lines might have been reasonably anticipated by the power company. See 26 Am.Jur.2d, Electricity, Gas and Steam, § 43, p. 252. We use the term "first of all" in connection with this question because in this instance appellee claims, even if there was substantial evidence of a negligent omission on the part of defendant, plaintiff had assumed the

risk or was guilty of contributory negligence as a matter of law.

There is absent from the record any evidence to show the insulation of defendant's high-voltage wires would have been practical and feasible, or that ordinary care would require it. We are shown no reason for believing the power company had a duty to inspect the facilities of the television company for kinks or splices in its tie wires, and the evidence does not show the breaking of the tie wire was caused by a kink or splice. Also, with respect to cutting off the power in defendant's lines while workmen worked on the television cable, it does not appear from the evidence that plaintiff or his employer or any of his fellow workmen requested or expected this to be done.

■ Although it is difficult for us to understand why plaintiff thinks a duty was owed to him and breached by the power company, it becomes unimportant under the circumstances admitted in this case. It seems to be well settled that there is no liability for injuries from dangers that are obvious, reasonably apparent, or as well-known to the person injured as they are to the owner of the facilities in question. Watts v. Holmes, Wyo., 386 P.2d 718, 719; Moore v. Southwestern Sash & Door Co., 71 Ariz. 418, 228 P.2d 993, 995.

McKee's own testimony in this case establishes clearly that all of the dangers of defendant's power lines were obvious and apparent to him and as well-known to him as they were to the power company itself. We find nothing in the evidence from which it could be inferred otherwise, and no evidence tending to show otherwise has been called to our attention.

McKee testified he had had 28 years experience as a lineman and electrician; that the operation he was performing was not a complicated one for a man of his experience; that the clearance between the wires was sufficient; that he was aware of the fact that the high-voltage lines above his head were energized; that he had worked around this type of installation many times, and it was a typical structure; and also that

he knew the lines of the power company were not insulated.

The accident occurred during daylight hours. McKee and his crew had been working on this particular project about three days, and McKee was fully aware of the location of the lines of defendant and knew they were energized. McKee, according to his testimony, felt it was safe to work where he was working and in the manner he was working. Even after the accident he was unable to state that he would have proceeded differently than he did on the day the accident occurred.

Without deciding whether there was substantial evidence of a breach in the standard of care which defendant owed to plaintiff, we can say as a matter of law the accident, under the circumstances shown, necessarily resulted from one of the following: (1) From an unavoidable accident; (2) from the assumption of a risk as well-known to plaintiff as it was to defendant; or (3) from the contributory negligence of plaintiff. In none of these events can defendant be held liable.

We have not heretofore found it necessary in this jurisdiction to distinguish between assumption of risk and contributory negligence. See Ford Motor Company v. Arguello, Wyo., 382 P.2d 886, 891. And we think it unnecessary to do so in this case. Also, we are not overlooking, as stated in the Ford Motor Company case at 382 P.2d 892, that assumption of risk or contributory negligence is not a question of law except in the clearest case.

However, where plaintiff establishes by his own testimony, leaving no possibility of a reasonable inference to the contrary, that he was fully cognizant of all the dangers which were shown by the evidence to be present, then it must follow as a matter of law that his accident came about either as a result of his assumption of risk, or as a result of an unforeseeable and unavoidable accident, or as a result of his own contributory negligence. That would be especially true where, as in this case, the plaintiff himself is the only actor present at the time of the accident.

In Benard v. Vorlander, 87 Cal.App.2d 436, 197 P.2d 42, 50, where plaintiff had knowledge of the existence of a power line and knew it might be carrying high-voltage electricity; and where he had noticed the wires were not insulated and knew if he came too close to them with a steel rod he would be injured, it was held, on a judgment notwithstanding verdict, that plaintiff's contributory negligence barred recovery from the power company irrespective of whether the wires should have been further from the building or should have been insulated.

It is of interest to notice, because of the similarity to our case, that in answer to the allegation that the power company should have known plaintiff would move a rod in such a manner as to come in contact with the wires, the California court said, if that be true then plaintiff, in the exercise of ordinary care, should have known the same thing. Likewise, in the case at bar, if it be assumed Pacific Power and Light Company should have foreseen that a person like plaintiff might break a tie wire while unwinding it from the TV cable, allowing the tie wire to fly upward and come in contact with the power lines, then plaintiff McKee in the exercise of ordinary care should have foreseen the same thing. That being so, if the power company was negligent, then McKee was contributorily negligent.

In Bunten v. Eastern Minnesota Power Co., 178 Minn. 604, 228 N.W. 332, 333 and 335, it was held as a matter of law that a power company was not required to insulate its wires where they passed over a spur railroad track and that facts in the case did not justify a finding that defendant was negligent in failing to maintain the wires at a higher height. Speaking of electricity, the court said those engaged in transmitting such a dangerous force are required to exercise a degree of care commensurate with the danger to be apprehended from contact with their wires, but they are not insurers against accidents or injuries.

In Wyoming, it is a settled rule that the owner of facilities is not an insurer of the safety of his invitees. Watts v. Holmes, Wyo., 386 P.2d 718, 719. Therefore, in the absence of any evidence tending to show that defendant could reasonably be expected to foresee and prevent plaintiff's accident any more than plaintiff himself could foresee and prevent it, we find the directed verdict and judgment thereon should be affirmed.

Affirmed.

PARKER, C. J., not participating.