**Billy Edward COLEMAN, Appellant (Plaintiff below),**

v.

**CASPER DIAMOND JUBILEE, INC., John B. Rogers Producing Company, and Fred R. Kistler, d/b/a Kistler Tent and Awning Co., Appellees (Defendants below).**

No. 3802.

Supreme Court of Wyoming.

Aug. 6, 1970.

Robert A. Burgess, Casper, for appellant.

G. Joseph Cardine, of Cardine & Vlastos, Casper, for Casper Diamond Jubilee, Inc.

E. E. Murane, of Murane, Bostwick, McDaniels, Scott & Greenlee, Casper, for John B. Rogers Producing Co.

William S. Bon and Richard A. Tobin, Casper, for Fred R. Kistler.

Before GRAY, C. J., and ·McINTYRE, PARKER, and McEWAN, JJ.

Mr. Justice McINTYRE, delivered the opinion of the court.

A negligence action was brought by Billy Edward Coleman for injuries sustained by him when a safety harnes failed in a simulated hanging scene. The defendants are Casper Diamond Jubilee, Inc.; John B. Rogers Producing Company; and Fred R. Kistler who does business as Kistler Tent and Awning Co.

During the celebration of Casper Diamond Jubilee Days a pageant was to be presented by Casper Diamond Jubilee, Inc. The pageant was to include a scene in which a historical event—the hanging of Jim Averell and Cattle Kate—was to be re-enacted. The pageant was being produced and directed by John B. Rogers Producing Company. Coleman was playing the part of Jim Averell.

At the close of plaintiff's case before a jury, the trial court directed a verdict in favor of all defendants and against the plaintiff upon the theory that plaintiff was guilty of contributory negligence as a matter of law. The plaintiff's appeal questions whether plaintiff should be adjudged to be contributorily negligent as a matter of law when his evidence is construed in the light most favorable to him.

Our opinion is that the directed verdict was properly entered. A review of the evidence, which was not in material conflict, will demonstrate our reasons.

In the pageant, Coleman was to be protected from injury in the simulated hang-

ing by a safety harness. A representative of the defendant Rogers Company went to Kistler, who was in the business of making and selling tents and awnings, to have the harness made. Plaintiff had made parachute jumps in the army, and he suggested leg straps as a part of the harness so he would not fall out of the harness.

From the evidence, and from a physical examination of the harness it can be seen that the harness itself was very strong and quite sufficient for the purpose intended. It was made with heavy two-inch webbing. Also the rope to be used for the simulated hanging is not questioned, and we can assume it was sufficiently heavy and strong to protect plaintiff from injury.

### The Law Involved

In order to demonstrate graphically what law is involved, we want to take a hypothetical situation which is intentionally exaggerated. Suppose a strong and adequate rope is attached by a string to a sturdy, well-constructed and sufficient harness. Reasonable minds in such a situation could not differ, and we would have to say there was negligence as a matter of law in allowing the rope and harness to be connected by a mere string.

In such a case, not only would those responsible for the string be negligent; but plaintiff would be guilty of contributory negligence as a matter of law if he allowed himself to be dropped from the hanging scaffold with nothing but the string to catch him.

### The Law Applied

We now look at the manner in which the rope in this instance was attached to the safety harness. A very thin piece of webbing (much thinner than the webbing used in the harness) and only three-fourths of an inch wide had been looped through a ring. The ends of the piece of webbing were then sewn securely to the harness.

Thus, the ring was in contact with only a single layer of the narrow and thin webbing. The rope was attached to the ring.

Our physical examination of the manner in which the rope had been attached to a ring supported only by a single layer of thin three-quarter inch webbing convinces us reasonable minds could not differ. We are inclined to believe those who had a part in causing or permitting this method of attachment should be considered negligent as a matter of law; and that plaintiff should be considered negligent as a matter of law for using the safety equipment with such an obvious defect.

However, our decision does not need to rest on a hard and fast commitment to the proposition that reasonable minds could not differ on the question of negligence and contributory negligence in this case. The trial court simply found plaintiff guilty of contributory negligence. It is sufficient, for purposes of our decision, merely to say, *if* any of the defendants are to be considered negligent for improper design or construction of safety equipment, *then* plaintiff would have to be guilty of contributory negligence for using such equipment. And of course, plaintiff cannot recover unless one or more of the defendants are considered negligent.

In McKee v. Pacific Power and Light Company, Wyo., 417 P.2d 426, 427, we said it seems to be well settled that there is no liability for injuries from dangers that are obvious, reasonably apparent, or as well-known to the person injured as they are to the owner of the facilities in question. Also, we said in Berry v. Iowa Mid-West Land and Livestock Company, Wyo., 424 P.2d 409, 411, where a danger is as open and obvious to the servant as to the master, the servant will be charged with such negligence as to bar recovery.

As far as plaintiff-Coleman is concerned, his attorney admits Coleman himself picked up the harness from Kistler and that the harness was in Coleman's possession for

about three days. We previously mentioned that Coleman had made parachute jumps in the army.

Neither the scaffold nor Coleman's safety harness was used until at the time of dress rehearsal for the pageant. At that time, the rope was thrown over the scaffold and attached to plaintiff. Before being dropped from the hanging scaffold, however, Coleman leaned back over the edge of the platform with his feet still on the platform. Apparently this was to test his safety equipment. The connection between the rope and harness failed at the weak point we have described. Plaintiff fell to the ground and was injured.

No reason is suggested for plaintiff's action in leaning back from the platform, except for a test of his equipment. We think an ordinarily prudent man, with reasonable regard for his own safety, would have used a safe method to test his safety equipment instead of one so obviously dangerous. This deliberate and careless manner of testing only adds to the reasons for plaintiff being considered contributorily negligent as a matter of law.

Affirmed.