Geraldine LeGRANDE, Appellant
(Plaintiff below),

v.

Mary MISNER et al., Appellees
(Defendants below).

No. 3947.

Supreme Court of Wyoming.

Nov. 30, 1971.

Edward P. Moriarity, of McClintock, Mai, Urbigkit & Moriarity, Cheyenne, for appellant.

James L. Applegate and W. Perry Dray, of Hirst & Applegate, Cheyenne, for appellees.

Before McINTYRE, C. J., and PARKER, McEWAN and GRAY, JJ.

Mr. Justice McEWAN delivered the opinion of the court.

This is an appeal from a summary judgment granted upon defendant-appellees' motion to an action by plaintiff-appellant in which she alleged that due to defendants' negligent and careless failure to remove snow and ice from defendant's [1] business sidewalk, plaintiff fell and injured herself.

Defendant operated a restaurant business known as Mary's Dairy Store in Cheyenne, Wyoming. Early one Saturday morning plaintiff proceeded from her residence and walked about 2½ blocks to defendant's place of business to have breakfast. It had begun to storm sometime during the preceding Friday, and, although it was not snowing on Saturday morning, there were 2 to 4 inches of snow on the ground and some ice under the snow. Plaintiff

---

1. Wherever singular term "defendant" is used, it applies to defendant—Mary Misner.

reached defendant's place of business without incident. She ate her breakfast and, upon leaving the store, slipped and fell upon the sidewalk area in front of the building and injured her left ankle.

On June 6, 1970, plaintiff filed her complaint and alleged that she was a business invitee of defendant and, upon leaving defendant's premises, she slipped and fell upon the sidewalk and suffered serious physical injury. She further alleged that defendants negligently and carelessly failed to remove the snow and ice from the sidewalk and such negligence proximately caused her injuries. She further contended in her complaint that defendants failed, neglected, and refused to meet the duty required by § 40-8 of the Code of the City of Cheyenne, Wyoming, which requires that all sidewalks be maintained clean and free from ice, snow, or slush.

Defendants answered and denied the above allegations. Whereupon, interrogatories were addressed to plaintiff by defendants and to defendant by plaintiff, and answers made. Depositions were taken of the parties and several witnesses.

Defendants, on September 3, 1970, moved the trial court to grant summary judgment on the ground that there was no genuine issue as to any material fact and defendants were therefore entitled to judgment as a matter of law. The motion was based upon affidavits of four witnesses, and the depositions and answers to interrogatories of the parties.

On September 11, 1970, plaintiff filed a notice of taking depositions of Everett D. Misner, husband of defendant, and on September 14, notice of taking deposition of the witness, Frank Baird.

On September 23, 1970, apparently in opposition to defendants' motion, plaintiff filed an affidavit of plaintiff along with the affidavits of two witnesses and excerpts from the depositions of two other witnesses. Whereupon, on September 24, the trial court heard the motion for summary judgment and, after considering the pleadings, affidavits, depositions, interrogatories, answers and oral argument of counsel, found there was no genuine issue of fact to be submitted to the trial court and that defendants were entitled to judgment as a matter of law. Summary judgment was entered in favor of defendants, dismissing plaintiff's complaint and action.

Whereupon, plaintiff filed her notice of appeal.

Plaintiff contended that the trial court erred in granting defendants' motion for summary judgment because there were material questions of fact for the jury which were: (a) Was there a duty upon defendant to remove the ice and snow from the sidewalks?; (b) if so, did defendant perform this duty in a reasonable and prudent manner?; and (c) if not, was such negligent performance of duty a proximate cause of plaintiff's injuries? Plaintiff contended that defendants had superior knowledge of the hazardous conditions of the walks and negligently failed to alleviate the situation or to warn plaintiff before she left the place of business.

An examination of the record reveals certain facts and contentions. At about 6 a. m. on the morning of the accident defendant went to the store to open it for business. She shoveled a path in the front of the store. In her deposition defendant stated that upon her arrival at the store, and prior to the plaintiff's appearance upon the scene, her husband did further shovel the walks, which statement was corroborated by the husband. In any event, it is clear from the record that some shoveling had been done prior to plaintiff's accident.

Sometime prior to 7 a. m. on Saturday, October 4, 1969, plaintiff left her residence and walked the 2½ blocks to Mary's Dairy over sidewalks that were covered with a substantial amount of snow and ice. She went there for breakfast, as was her custom. She took other meals there on an average of at least once a day during the month prior to the accident. She had been at the store for dinner during the storm on the evening prior to the accident.

The front door of the store opens onto a concrete slab which acts as a step to the door, which slab is approximately 5 feet wide, extends out approximately 5 feet, and is about 5 inches high. In her answer to interrogatories plaintiff stated, "* * * The point of falling was adjacent to the doorway, just on or just off the entry slab."

Plaintiff did not recall during the morning of the accident that anyone in her 2½ block walk had shoveled their sidewalks. She knew there was snow and ice under foot. Plaintiff did not know for sure if defendant's sidewalks were shoveled and stated that she did not recall that they were shoveled, nor did she recall whether or not there was a path shoveled. She testified, "It was all snow to the best of my recollection."

Plaintiff argued that if the record is construed in the light most favorable to plaintiff's contentions it would be found there were material questions of fact for the jury to decide. In support of this argument plaintiff stated that, as shown by her deposition and affidavit, the walks in front of defendant's store were not shoveled on the morning she fell. We have carefully examined the deposition and affidavit and do not find that statements from which such conclusions could reasonably be drawn were made. She further argued that there were material questions of fact raised as to whether the walks, if shoveled, were adequately shoveled. Again, we think no showing was made concerning the adequacy of the shoveling. It is quite clear from the record that defendant's sidewalks, or a part thereof, were shoveled in some fashion. Unrefuted statements showed that plaintiff, after she fell, was lying partly in the snow and partly on the shoveled portion of the sidewalk. The witness, Mrs. O'Connor, whom plaintiff in her brief depicts as a fair, impartial witness, said in two different affidavits that when she arrived at Mary's Dairy Store shortly after 7 a. m., plaintiff was lying on the sidewalk partially in the snow and partially across a shoveled path on the sidewalk. It is thus clear that the sidewalk had been shoveled, and accordingly the only point for us to consider in this regard is whether or not there was any showing that defendant had not properly shoveled the sidewalk and such failure caused plaintiff to fall. An examination of all the depositions, affidavits, and answers to interrogatories did not reveal any statement, contention, or any basis whatsoever that defendant was negligent in the matter of snow removal. There is no contention raised in any manner that in the area where plaintiff fell there was ice or any other obstruction. Plaintiff points out that defendant's husband testified there were patches of ice on the sidewalk and he had not gotten around to removing them. It may be that there were patches of ice, but there was no showing that plaintiff slipped on such a patch of ice.

No one saw the plaintiff fall, and apparently none of the witnesses observed the condition of the area in which she fell as to whether or not there was any ice on the sidewalk.

In her affidavit, and in her answer to questions in her deposition, plaintiff stated what she remembered about the condition of the sidewalk as follows:

"* * * The reason I fell was because my feet went out from under me. I slipped and lost my balance, and fell backwards. * * *"

\* \* \* \* \* \*

"Why would I slip if the walks were shoveled?"

\* \* \* \* \* \*

"I don't know, why, I don't know. All I know is that I finally fell. * * * I know that I fell. That is about all I know."

Plaintiff did not give any reason for having slipped and fallen. Mere conjecture is never sufficient to establish liability on the part of a defendant for injuries claimed to have been received by a plaintiff as a result of defendant's negligence. Kalman v. Western Union Tele-

graph Company, Wyo., 390 P.2d 724. "The whole purpose of the summary judgment would be defeated if a case could be forced to trial by a mere assertion that an issue exists, without any showing of evidence." McCamon v. Darnall Realty, Wyo., 444 P.2d 623, 625.

 Plaintiff contended that defendant had superior knowledge of the hazardous condition of the walks and failed to warn plaintiff before she left defendant's place of business. Apparently, plaintiff raised this point in anticipation that defendant would raise it on appeal since it had been considered during argument on the motion for summary judgment. As we said in McKee v. Pacific Power and Light Company, Wyo., 417 P.2d 426, 427:

"* * * It seems to be well settled that there is no liability for injuries from dangers that are obvious, reasonably apparent, or as well-known to the person injured as they are to the owner of the facilities in question."

Plaintiff was familiar with defendant's business establishment, having been there on many previous occasions. On the morning of the accident she had walked through the snow and ice for 2½ blocks to defendant's store. She entered the store via the same walk and entryway by which she later exited. We have carefully examined the record and find nothing therein which would indicate that defendant had superior knowledge of the hazardous condition of the walks. In fact, it appears that plaintiff was as well or better informed of the conditions of the sidewalks since she had traversed them subsequent to the time that defendant had observed the sidewalks.

Plaintiff also argued that § 40–8 of the Cheyenne City Code imposes at least a reasonable duty upon defendant to keep the abutting sidewalks clear. The parties seem to agree that under the code defendant had a duty of reasonable care to remove ice and snow from the sidewalks. This is in keeping with our pronouncement in *Kalman*, supra, 390 P.2d 724. However, plaintiff fails to point out where in the record any showing was made that at the point where plaintiff slipped the defendant had failed in her duty of exercising reasonable care to remove ice and show.

■ We fail to see how anything further could have been developed by a trial of the issues, and the cause was thus one properly considered upon defendants' motion for summary judgment. Fugate v. Mayor and City Council of Town of Buffalo, Wyo., 348 P.2d 76, 81.

Here it was incumbent upon the plaintiff as the opposing party to show by affidavits or other specific facts that an issue for trial did exist where the moving party had made a convincing showing that no genuine issue of fact was present. Plaintiff has failed to show that a real controversy existed in this case. It is apparent from reading the affidavits and depositions that there was no real controversy in this case, and the uncontroverted facts showed that defendant was entitled to summary judgment as a matter of law.

Affirmed.