**Carolyn JOHNSON, Appellant (Plaintiff),**

**v.**

**Scott HAWKINS d/b/a Glenrock Electronics and Don Davis and Dick Carlisle, Appellees (Defendants).**

No. 5355.

Supreme Court of Wyoming.

Jan. 26, 1981.

* Chief Justice since January 5, 1981.

---

Robert C. Wilson, Douglas, for appellant.

R. Patrick Dixon, of Murane & Bostwick, Casper, and Jo Sherman, Senior Law Student, University of Wyoming, for Scott Hawkins, d/b/a Glenrock Electronics, appellee.

John Brooks, of Vlastos & Reeves, Casper, for Don Davis and Dick Carlisle, appellees.

Before ROSE, C. J.*, McCLINTOCK, RAPER **, THOMAS and ROONEY, JJ.

ROSE, Chief Justice.

The principal issue in this case is whether a storekeeper or his landlord owes a duty to customers to keep the public sidewalk outside the store free of accumulations of ice and snow. In this case there is no claim that a city ordinance imposed such a duty. The trial court found no such duty and awarded summary judgment in favor of the defendants. We will affirm.

** Chief Justice at time of oral argument.

## THE FACTS

For purposes of testing a summary judgment, we accept as true the facts alleged by the party against whom summary judgment was given. E. g., *Miller v. Reiman-Wuerth Co.*, Wyo., 598 P.2d 20 (1979). Under this view of the facts, plaintiff-appellant, Carolyn Johnson, was injured as a result of a slip and fall on December 12, 1978. She fell on the sidewalk immediately in front of the entrance to Glenrock Electronics after having shopped in that store. Defendant-appellee, Scott Hawkins, was the store owner and defendants-appellees, Don Davis and Dick Carlisle, were the lessors of the business property.

The fall occurred at approximately 5:30 p. m. From snowfalls of previous days, the sidewalk was completely covered with ice and hard-packed snow to a depth of approximately one and one-half inches. In addition, there was a layer of trampled snow which had fallen on the afternoon of the accident. Throughout the season, Hawkins had sometimes cleared the walk in front of his store and sometimes had not. Both appellant-Johnson and appellee-Hawkins were aware of the icy condition of the walk at or about the time Mrs. Johnson fell.

The accident occurred when the appellant stepped off the store's doorstep onto the public sidewalk. In her deposition, Mrs. Johnson attributed her fall solely to the icy sidewalk and admitted that the step was not a causative factor in her fall.

## FACTUAL CONCLUSIONS

For purposes of testing this award of summary judgment, we agree with the appellant that if the appellees owed the appellant a duty to keep the sidewalk free of ice and snow, appellees negligently failed to perform that duty and that such negligence was a proximate cause of the appellant's injuries.[1]

## WYOMING LAW

We have decided several cases involving slips on walkways at least partially covered by ice, although none is as much in point as we would like. In *Bluejacket v. Carney*, Wyo., 550 P.2d 494 (1976), we affirmed the summary judgment in favor of the defendants. The plaintiff had fallen on an icy walkway between the dining room and the cabin he had rented at a guest ranch in the Big Horn Mountains. Both the majority and the specially concurring opinion were in agreement that the summary judgment should be affirmed since the plaintiff failed to establish a causal connection between the icy walk and the fall. In justifying the affirmance, the majority also took note of: (1) the rural setting of the accident; (2) the fact that the plaintiff had equal or greater knowledge than the defendants about the condition of the walk; and (3) the case of *Watts v. Holmes*, Wyo., 386 P.2d 718 (1963). In discussing *Watts*, the majority in *Bluejacket* said:

"... *Watts* likewise holds that a proprietor is not considered negligent for allowing the natural accumulation of ice due to weather conditions where he has not created the condition." 550 P.2d at 497.

The special concurrence, per Justice Rose, suggested that the relationship between the plaintiff and defendant in *Bluejacket*

---

1. The appellant complains that the district court judge did not properly view the facts. The district court's decision letter indicates that the appellant fell due to accumulation of snow from a storm on the day of the fall, but appellant maintained in her deposition that the snow and ice on which she fell had accumulated over a period of days. The decision letter also states that "[t]he Plaintiff was aware of the slippery condition, probably more so than the Defendants...." Appellant argues that appellee-Hawkins had a superior knowledge of the condition of the sidewalk outside his store. At any rate, as pointed out in our discussion of the facts, both Mrs. Johnson and Mr. Hawkins knew of the snow and ice accumulation on the sidewalk.

In our discussion of "THE FACTS" and "FACTUAL CONCLUSIONS" we have viewed the evidence as favorably to the appellant as the appellant has presented it in her brief, which presentation is supported by the record. In reviewing a complete record leading to a summary judgment, we are in the same position as the district court. *Weaver v. Blue Cross-Blue Shield*, Wyo., 609 P.2d 984, 987 (1980). Even upon a statement of the facts slightly more favorable to the appellant than the district court's statement, we conclude that summary judgment was properly awarded.

"... more closely approximated the contractual landlord-tenant relation considered in *Hape* [*Hape v. Rath*, Wyo., 492 P.2d 974 (1972)] than it did the casual retail business invitee in *LeGrande* [*LeGrande v. Misner*, Wyo., 490 P.2d 1252 (1971)], *Watts, Lopez* [*Lopez v. American National Bank of Cheyenne*, Wyo., 389 P.2d 21 (1964)], or *Dudley* [*Dudley v. Montgomery Ward & Co.*, 64 Wyo. 357, 192 P.2d 617 (1948)]." 550 P.2d at 499.

In *Watts, supra*, we affirmed a directed verdict in favor of a storekeeper who was sued by a customer who slipped on ice covering part of the store's parking lot. The complaint alleged that the defendant " 'had negligently and unlawfully allowed an accumulation of clear ice....' " *Watts, supra*, at p. 718. We pointed out that there was no evidence of an ordinance which would make the accumulation unlawful. We next pointed out that there was no evidence of negligence. We said:

"There is a total absence of evidence tending to show that defendant created a situation which caused ice to accumulate. The only possible conclusion which can be drawn from the evidence is that ice accumulated as a result of natural weather conditions, or in other words as an act of God and in the same manner in which it would accumulate elsewhere.

"Also, there is no allegation that defendant negligently permitted the ice to remain on its property, and the evidence does not establish its presence until a matter of minutes before the plaintiff's fall.

\* \* \* \* \* \*

"Dangers created by the elements such as the forming of ice and the falling of snow are universally known, and the cases seem generally to hold there is no liability where the danger is obvious or is as well known to the plaintiff as to the property owner." Id. at p. 719.

Although the second quoted paragraph provides a distinction between *Watts* and the instant case, the last quoted paragraph appears to summarize the case and accords with the interpretation of *Watts* in *Bluejacket, supra*.

*LeGrande, supra*, also involved a fall by a customer on the sidewalk of a store she had just visited. However, this case is not very much in point because the fall occurred in Cheyenne where a city ordinance imposed upon the storekeeper the duty to shovel the walk. The walk had, in fact, been partially shoveled and we affirmed a summary judgment in favor of the defendant in part because it was unclear whether the plaintiff fell on the shoveled or unshoveled portion of the walk. In addition, we quoted from *McKee v. Pacific Power and Light Company*, Wyo., 417 P.2d 426, 427 (1966):

" ' \* \* \* It seems to be well settled that there is no liability for injuries from dangers that are obvious, reasonably apparent, or as well-known to the person injured as they are to the owner of the facilities in question.' " 490 P.2d at 1255.

Since the case at hand was briefed, we announced our opinion in *Buttrey Food Stores v. Coulson*, Wyo., 620 P.2d 549 (1980). This was also a slip-and-fall case resulting from inclement weather. However, the fall was caused by an accumulation of water inside the store and the store had undertaken efforts, albeit inadequate, to prevent accumulation of water on the tile floor where the plaintiff fell. In *Buttrey Food Stores*, we spoke of the duty of the store owner to "use ordinary care to keep the premises in a safe condition...." *Id.* at p. 552. This statement pertaining to the duty of the store owner in *Buttrey Food Stores* is not applicable to the public sidewalk outside the store, which sidewalk is exposed to the elements and not subject to the exclusive control of the storekeeper.

In our judgment, the most accurate interpretation of the Wyoming cases discussed above involving slips on icy sidewalks is that a storekeeper, in the absence of an ordinance, is not under a duty to remove natural and obvious accumulations of snow and ice from the public sidewalk outside his business.

Other courts have reached similar conclusions. E. g., *Dunham v. Southside National*

*Bank of Missoula,* 169 Mont. 466, 548 P.2d 1383, 1384–1385 (1976); *Rennick v. Hoover,* Mont., 606 P.2d 1079 (1980); *Stonsifer v. Courtney's Furniture Company, Inc.,* 10 Cir., 474 F.2d 113, 114–115 (1973); and *Fitzwater v. Sunset Empire, Inc.,* 263 Or. 276, 502 P.2d 214 (1972).

The summary judgment of the district court is affirmed.