**Deloris H. SHERMAN, Appellant (Plaintiff),**

v.

**PLATTE COUNTY, Wyoming, Appellee (Defendant).**

**No. 5636.**

Supreme Court of Wyoming.

April 5, 1982.

4. Rule 4.03, W.R.A.P.:

Sky D. Phifer, Lander, for appellant.

Michael J. Sullivan (argued), Mark W. Gifford of Brown, Drew, Apostolos, Massey & Sullivan, Casper, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

RAPER, Justice.

This suit was initiated on a claim of negligence. Judgment was entered in favor of appellee (defendant) following a jury verdict finding no negligence on the part of either party. The issue appellant raises here concerns the accuracy of the instructions submitted to the jury. Specifically appellant challenges jury instruction No. 17 which she contends removed the obligation of an owner or an occupant of land to exercise reasonable care in keeping the premises safe whenever an invitee should have known of the existence of a specific dangerous condition.

We will affirm.

On January 2, 1980, the appellant was living in Wheatland. At approximately 9:00 a. m. on that date, desiring to purchase Wyoming license plates for her pickup, she set off for the Platte County courthouse. When she arrived, she parked on the north side of the courthouse on Walnut Street near an alley and walked inside the building. She went into the county clerk's office where she spoke to the deputy county clerk. After completing the necessary paperwork, appellant was informed that she would have to park her vehicle in the sheriff's parking lot at the rear of the courthouse in order for the sheriff's department to check the vehicle identification number.

Appellant, who was pregnant at the time, returned to her vehicle and moved it to the appropriate parking lot. She then walked into the sheriff's office. At trial she testified that during this time she noticed large patches of ice covering parts of the lot and that she had to cross over several of them on her way inside.

Appellant found Sheriff Mickelson in the office and accompanied him back out into the parking lot to check the vehicle identification number. Sheriff Mickelson cautioned appellant to be careful because of the ice. Appellant responded that she was not too worried because of the type of shoes she was wearing. As the sheriff began discussing his boots, appellant slipped and fell breaking her ankle.

Appellant filed suit on December 18, 1980, and the case proceeded to trial on October 19, 1981. Testimony was received at trial describing the parking lot itself. It was paved and sloped away from the courthouse. Drainpipes emptied onto it from the courthouse. Appellant's theory was that the ice appellant slipped on was caused by the water from the drainpipes freezing as it ran across the parking lot. However, appellee produced evidence showing that the winter weather had been particularly severe for the six weeks prior to the accident and that the ice was the result of natural accumulation.

In his instructions the trial judge told the jury that:

"An owner or occupant of land or premises does not have an obligation to protect his invitees against dangers that are known to them or that are so obvious and apparent that they may reasonably be expected to discover such dangers."

Appellant's objection to that instruction was overruled. She again challenges that instruction here contending that (1) there is an exception to the obvious-danger rule where the possessor should anticipate harm despite knowledge or obviousness of the condition, and (2) the obvious-danger rule was abrogated by Wyoming's adoption of comparative negligence.

We have numerous Wyoming cases right on point. In *Watts v. Holmes*, Wyo., 386 P.2d 718 (1963), this court stated:

"Dangers created by the elements such as the forming of ice and the falling of snow are universally known, and the cases seem generally to hold there is no liability where the danger is obvious or is as well known to the plaintiff as to the property owner. [Citations.]" 386 P.2d at 719.

This rule was expounded upon further in *Bluejacket v. Carney*, Wyo., 550 P.2d 494 (1976).

"It has been settled that a storekeeper is not an insurer of the safety of customers. *Watts v. Holmes*, Wyo.1963, 386 P.2d 718, 719. The operator of a facility, such as that of defendants bears a similar relationship to their customers. Watts likewise holds that a proprietor is not considered negligent for allowing the natural accumulation of ice due to weather conditions where he has not created the condition. The conditions created by the elements, such as the forming of ice and falling of snow, are universally known and there is no liability where the danger is obvious or is as well known to the plaintiff as the property owner. * * *." 550 P.2d at 497.

But, it is from *McKee v. Pacific Power and Light Company*, Wyo., 417 P.2d 426 (1966) that the wording of the instruction in question comes. There it was held that:

" * * * there is no liability for injuries from dangers that are obvious, reasonably apparent, or as well-known to the person injured as they are to the owner

of the facilities in question. [Citations.]" 417 P.2d at 427.

This language was specifically approved in *LeGrande v. Misner*, Wyo., 490 P.2d 1252 (1971), and more recently in *Johnson v. Hawkins*, Wyo., 622 P.2d 941 (1981). In none of these cases was an exception to that rule approved.

In reality, it is apparent that these cases have involved two rules. First there is the rule that no duty exists which requires either the removal of an obvious danger or a warning of its existence. Second is the rule that no duty exists to remove the natural accumulation of snow and ice. The latter rule broadens the protection accorded possessors of land under the former rule. It covers that class of cases where the ice and snow naturally accumulate in a fashion where there is a lurking danger, i.e., the ice is covered by the snow. However, for that rule to apply, the accumulation must be the result of natural forces and not caused by the possessor of the land. Nonetheless, whenever the danger is obvious or at least as well known to the plaintiff as it is to the defendant landowner, there exists no duty to remove the danger or warn the plaintiff of its existence.

In the case at bar, the jury was instructed as to the obvious-danger rule. From its verdict it is clear that the jury found the danger to have been obvious and/or well known to the plaintiff. Since the plaintiff admitted as much during her testimony, this result was proper; we cannot find error in it.

Appellant argues that we should hold that the line of authority just cited was abrogated by the adoption of comparative negligence by the Wyoming legislature in 1973.[1] However, the court in *Bluejacket v. Carney*, supra, ruled against that proposition back in 1976. There the court said:

"This cannot be considered a contributory or comparative negligence case because

---

1. See § 1–1–109, W.S.1977.

there is no negligence of the defendants in any way demonstrated by the plaintiff. We are unconvinced that we should discard the established law of this state and impose liability upon the slightest pretext for every injury." 550 P.2d at 498.

We agree with that conclusion. Comparative negligence only abrogated absolute defenses involving the plaintiff's own negligence in bringing about his or her injuries. See *Brittain v. Booth*, Wyo., 601 P.2d 532 (1979). However, it did not impose any new duties of care on prospective defendants. Since the law of this state is to the effect that there is no duty to remove or warn of an obvious danger or one that is known to the plaintiff, no change was accomplished in that law by the adoption of comparative negligence. Therefore, we must conclude that the judge correctly instructed the jury as to the law and that no error occurred.

Affirmed.

ROONEY, Justice, specially concurring.

I must elaborate somewhat on that said in the majority opinion relative to appellant's contention that the obvious-danger rule as set forth in Instruction No. 17[1] has been "abrogated" by the adoption of the comparative negligence statute in Wyoming.

The fallacy in appellant's argument is in reading into the instruction a direction to the jury for an assumption of risk by *appellant* rather than reading therein a definition of the duty owed by *appellee*. Even before enactment of the comparative negligence statute in Wyoming, a distinction between assumption of risk and contributory negligence was not recognized. Assump-

tion of risk was but a form of contributory negligence. Subsequent to enactment of the comparative negligence statute, assumption of risk, as a form of contributory negligence, is only a basis for apportionment of fault. *Brittain v. Booth*, Wyo., 601 P.2d 532 (1979).

In a negligence action, the jury is now called upon to ascertain the fact of negligence, if any, on the part of each of the parties, and then to apportion such negligence between them.[2]

Negligence consists of a duty, a violation of such duty, proximately causing injury. *Beard v. Brown*, Wyo., 616 P.2d 726 (1980); and *Danculovich v. Brown*, Wyo., 593 P.2d 187 (1979). The duty referred to in the definition of negligence is "legal" duty, the definition of which is for the court as a matter of law. *Beard v. Brown*, supra; *Medlock v. Van Wagner*, Wyo., 625 P.2d 207 (1981); and *Distad v. Cubin*, Wyo., 633 P.2d 167 (1981).

In this instance there were two parties. Instruction No. 17 had reference to the duty owed by *appellee*. It was to be used in determining the negligence, if any, on the part of *appellee*. It did not pertain to the contributory negligence, i.e., assumption of risk, by appellant. In other instructions the trial court referred to the duty of appellee to "exercise ordinary and reasonable care to keep the premises in a safe condition" and to "protect his visitors against dangers known to him and against dangers which he might discover by use of reasonable care," etc. The majority opinion reflects the basis upon which the instructions relative to appellee's duty were correct. The jury found that there was no violation of the duty on the part of appellee, or it found that if

---

1. Instruction No. 17 reads:

"An owner or occupant of land or premises does not have an obligation to protect his invitees against dangers that are known to them or that are so obvious and apparent that they may reasonably be expected to discover such dangers."

2. Section 1–1–109(a), W.S.1977, provides:

"(a) Contributory negligence shall not bar a recovery in an action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if the contributory negligence was not as great as the negligence of the person against whom recovery is sought. Any damages allowed shall be diminished in proportion to the amount of negligence attributed to the person recovering."

there was such violation, it was not the proximate cause of appellant's injury. It found no negligence on the part of appellee. Instruction No. 17 was pertinent to this portion of the jury's decision.

The jury also found no violation of a duty on the part of appellant, or if one, that it was not the proximate cause of the injury. In doing so, Instruction No. 17, defining the duty of *appellee,* was not pertinent. The jury did not find negligence, in the form of assumption of risk or otherwise, on the part of appellant.

The adoption of the comparative negligence statute did not "abrogate" any duty or standard of care. It simply directed consideration of "comparative fault."